# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07-10043 |
| ANTHONY L FLETCHER, | ) |
| Defendant. | ) |

## ORDER

Defendant Anthony Fletcher, a *pro se* defendant, was convicted by jury on January 29, 2008, of one count of production of child pornography, one count of attempt to produce child pornography, and one count of possession of child pornography. On February 1, Fletcher, through his Standby Counsel, filed a Motion for Extension of Time to file post-verdict motions. The Court granted this Motion and set April 4, 2008, as the deadline for filing post-verdict motions.[1] Fletcher filed several Motions prior to April 4, but he also filed several that were docketed after April 4. Each Motion, regardless of its docket date, was signed by Fletcher and deposited in the institutional mail service at Menard Correctional Center prior to April 4.

The Government filed a Motion to Strike Fletcher's "Amended Motion for Acquittal" [#353], "Motion for Judgment of Acquittal" [#354], and "Addendum and Supplement Counts to Motion for New Trial" [#355]. The Government argues that a defendant cannot amend

---

1 On February 4, the Court granted the Motion for Extension of Time, which requested a 60-day extension, but set a deadline of March 4 in error. On February 20, the Court entered a Text Order with the correct deadline of April 4.

or supplement post-trial motions that would relate back to an original motion to avoid the seven-day limitations period or other period as timely extended by the Court.  Fletcher, through Standby Counsel, filed a Response arguing that the 2005 amendments to the Federal Rules of Criminal Procedure allow the Court to extend the filing period at any time prior to sentencing, and that Fletcher can take advantage of the "prisoner mailbox rule," which provides that pleadings are deemed filed when deposited in the prison mail system. Fletcher filed a similar Response.[2]  The Government filed a Reply, without first seeking leave of the Court to do so, arguing that the prisoner mailbox rule does not apply to post-verdict motions.

The Government relies on a Sixth Circuit opinion, *United States v. Emuegbunam*, 268 F.3d 377 (6th Cir. 2001), that holds that the prisoner mailbox rule does not apply to the seven-day limitations periods of Rules 29 and 33 because those limitations periods are jurisdictional.  However, *Emuegbunam* interprets a pre-2005 version of the Rules, which stated that "the court may not extend the time to take any action under [Rules 29 and 33], except to the extent and under the conditions stated in them."  *Id.* at 397 (*quoting* Fed. R. Crim. P. 45(b)).  The current version of Rule 45 does not contain that language. Additionally, the Supreme Court held in *Eberhart v. United States*, 546 U.S. 12, 126 S. Ct. 403 (2005) that these rules setting time limits are not jurisdictional rules but are inflexible, non-jurisdictional claim-processing rules.  Neither the Government nor Fletcher cites any Seventh Circuit opinion addressing this issue, and the Court finds none.

---

2 Fletcher's Response [#361] was docketed incorrectly as a "Motion to Dismiss" based on his title "Answer and Motion to Dismiss Government's Motion to Strike."  The Court construes this pleading as a Response.

- 3 -

In light of the amendments to the Rules and *Eberhart*, the Court finds the conclusion in *Emuegbunam* unpersuasive. The Court agrees with Fletcher that the prisoner mailbox rule applies to pleadings as it does to notices of appeal.

Accordingly, the Government's Motion to Strike [#356] is DENIED. The Court directs the Government to file any Response to Motions [#353], [#354], and [#355] no later than May 19, 2008. Fletcher's Motion to Dismiss [#361] is MOOT.

ENTERED this 23rd day of April, 2008.

    /s/ Michael M. Mihm
    Michael M. Mihm
    United States District Judge