E-FILED
Friday, 07 February, 2025  12:56:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED

FEB - 7 2025

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PEOPLE OF THE UNITED STATES
OF AMERICA, PLAINTIFF,

v.

ANTHONY L. FLETCHER,
DEFENDANT.

CASE NO.

07 - CR - 100043

## MOTION TO COMPEL

RANDOLFF COUNTY SHERIFF
TO SURRENDER AND TRANSFER
DEFENDANT'S STATE / FEDERAL
[DUAL] PROSECUTION TRIAL RECORDS,
LEGAL PROPERTY, INTELLECTUAL PROPERTY,
AND THE [ENTIRE] INVENTORY OF DEFENDANTS
12/16/2022 DISCHARGED STATE PRISON PROPERTY
PURSUANT TO FEDERAL BURAEU OF PRISONS PROGRAM
STATEMENT 5580.08, SECTION 553.14 (a)(2), (b),(c)(b)

NOW COMES THE DEFENDANT, IN THE PROPER PERSON OF
Anthony L. Fletcher, AND PURSUANT TO THE FEDERAL DETAINER
UNDER THE INTERSTATE AGREEMENT ON DETAINERS ACT
(IADA) IN THIS CAUSE BETWEEN THE FEDERAL OFFICE OF
THE UNITED STATES ATTORNEY GENERAL MERRICK B. GARLAND
AND THE RANDOLFF COUNTY, ILLINOIS SHERIFF'S OFFICE,
THE DECEMBER 16, 2022 DISCHARGE AND TRANSFER OF
THE DEFENDANT IN THIS CAUSE FROM ILLINOIS STATE PRISON
TO THE FEDERAL BURAEU OF PRISONS [WITH] THE ENTIRE
INVENTORY OF LEGAL, INTELLECTUAL AND PERSONAL PROPERTY,
AND PURSUANT TO FEDERAL BURAEU OF PRISONS PROGRAM
STATEMENT 5580.08, SECTION 553.14 (a)(2), (b)(c)(d) MOVES
THIS COURT TO ISSUE AN ORDER COMPELLING RANDOLFF
COUNTY ILLINOIS SHERIFF TO SURRENDER THE ENTIRE [DUAL]
PROSECUTION STATE / FEDERAL TRIAL TRANSCRIPTS, LEGAL
PROPERTY, INTELLECTUAL PROPERTY, AND PERSONAL DISCHARGE

INTERSTATE AGREEMENT ON DETAINER ACT PROPERTY OF THE DEFENDANT IN THIS CAUSE and IN SUPPORT STATES THE FOLLOWING:

1. ON DECEMBER 16, 2022 DEFENDANT WAS DISCHARGED FROM THE STATE PRISON PORTION OF A [CONCURRENT] 30 YEAR SENTENCE OF A FEDERAL 40 YEAR SENTENCE OF THE [DUAL] PROSECUTION IN [THIS] CAUSE OF ACTION, WITH [25] LEGAL BOXES and INTELLECTUAL PROPERTY CONTAINING THE [ENTIRE] STATE and FEDERAL [DUAL] [PROSECUTION] [TRIAL RECORDS] OF THE DEFENDANT [and] [2] ADDITIONAL BOXES (TOTALLING 27 BOXES) OF PERSONAL PROPERTY (SEE EXHIBIT-A); and WAS TAKEN INTO FEDERAL CUSTODY PURSUANT TO THE FEDERAL INTERSTATE AGREEMENT ON DETAINERS ACT and WARRANT, BY THE UNITED STATES ATTORNEY GENERAL MERRICK B. GARLAND BY RANDOLFF COUNTY ILLINOIS SHERIFF JARROD PETERS (EXHIBIT-A).

2. DEFENDANT, HEREBY AVERS THAT FROM DECEMBER 16, 2022 -TO- DATE THE FEDERAL ATTORNEY GENERAL OFFICE, THE RANDOLFF COUNTY ILLINOIS SHERIFF JARROD PETERS, and THE FEDERAL BUREAU OF PRISONS HAVE [UNCONSTITUTIONALLY] [WITHELD] THE [ENTIRE] [27 BOX] (EXHIBIT-A) INVENTORY OF THE DEFENDANTS STATE and FEDERAL [TRIAL] LEGAL, INTELLECTUAL (15 BOOKS AUTHORED BY DEFENDANT) PROPERTY, DISCHARGE PROPERTY, and [DUAL] PROSECUTION PRISON PRISON [WITHOUT] [DUE PROCESS] OF LAW PURSUANT TO FEDERAL BUREAU OF PRISON PROGRAM STATEMENT 5580.09 SECTION 553.14 (a)(R), (b)(c)(d), THE ILLINOIS COUNTY JAIL STANDARDS, THE FEDERAL INTERSTATE AGREEMENT ON DETAINERS ACT, and THE UNITED STATES CONSTITUTION 5TH AMENDMENT. (SEE EXHIBIT-B)

2

3. ON JANUARY 1, 2023. plaintiff FILED a SUBSEQUENT FEDERAL CIVIL RIGHTS Complaint against RANDOLFF COUNTY SHERIFF JARROD PETERS, ET AL. PURSUANT TO Case No. 23-CV-1054; and FROM JANUARY 1, 2023 - TO - DATE THE DEFENDANT'S, and JUDGE STEPHEN P. GLYNN DENIED DEFENDANT'S DUE PROCESS RIGHTS and [ABUSED THE PROCESS] of THE ILLINOIS COUNTY JAIL STANDARDS, THE INTERSTATE AGREEMENT ON DETAINERS ACT, and THE FEDERAL BURAEU OF PRISONS PROGRAM STATEMENT 5580.08, SECTION 553.14 (a)(2), (b)(c)(d). (SEE EXHIBITS-C, D, E, F, G)

4. AS A DIRECT RESULT OF THE ABOVE Documente SUBTERFUGE BY RANDOLFF COUNTY SHERIFF, ET AL, and JUDGE STEPHEN P. GLYNN (EXHIBIT-F, G) RANDOLF COUNTY SHERIFF HAS NOW THREATENED TO [DISTROYER] DEFENDANT'S STATE and FEDERAL TRIAL RECORDS, INTELLECTUAL PROPERTY, and ENTIRE INVENTORY OF PERSONAL INTERSTATE DETAINER Agreemen PROPERTY (SEE EXHIBIT-#1) BY FEBRUARY 28, 2025: BECAUSE DEFENDANT IN THIS CAUSE DID [NOT-] RELINQUISH HIS CLAIM OF RANDOLFF COUNTY SHERIFF's, ET AL [CIVIL LIABILITY] FOR DISTRUCTION THEFT, and [UNAUTHORIZED BAILMENT] OF DEFENDAN PROPERTY FROM DECEMBER 16, 2022 -TO- DATE (SEE EXHIBIT-A2).

5. DEFENDANT, ANTHONY L. FLETCHER INTENDS TO File [BOTH] FIRST STEP ACT COMPASSIONATE RELEASE MOTION, [AND] 2ND SUCCESSIVE FEDERAL

3

HABEAS CORPUS PETITION BASED ON [Newly Discovered] EXTRINSIC AND INTRINSIC EVIDENCE, Some OF WHICH PROOF IS CONTAINED IN DEFENDANT'S STATE AND FEDERAL [DUAL PROSECUTION] TRIAL AND LEGAL DOCUMENT [AND] PERSONAL PROPERTY DOCUMENT RECORDS NOW [UN] CONSTITUTIONALLY 'WITHELD' BY RANDOLF COUNTY ILLINOIS SHERIFF (EXHIBIT= #1).

6. TO THIS DATE RANDOLFF COUNTY SHERIFF HAS [NOT] SURRENDERED DEFENDANT'S 12/16/2022 DISCHARGED [DUAL PROSECUTION] STATE AND FEDERL TRIAL RECORD, INTELLECTUAL, AND PERSONAL PROPERTY. AND IS ATTEMPTING TO [UNLAWFULLY] TAKE POSSESSION AND [STEAL] THE DEFENDANTS 15 BOOKS-COMPILATION AND 3 ADDITIONAL BOOKS, INTELLECTUAL; AND [Illegal] [DISTROY] THE ENTIRE STATE AND FEDERAL TRIAL RECORDS OF THE DEFENDANT IN THIS CAUSE IN VIOLATION OF DEFENDANT FEDERAL RIGHTS TO [DUE PROCESS OF LAW.

7. DEFENDANT, HEREBY SEEKS THE ACTIVE PROTECTION OF THIS COURT THROUGH A COURT ORDER DIRECTING RANDOLFF COUNTY ILLINOIS SHERIFF TO [SURRENDER] DEFENDANT'S 12/16/2022 (EXHIBIT-A) ENTIRE INVENTORY OF DISCHARGE STATE /FEDERAL TRIAL

4

RECORD, INTELLECTUAL, AND PERSONAL, LEGAL, AND ART SUPPLY PROPERTY; AND TO FORWARD DEFENDANTS PROPERTY TO HIS CURRENT FACILITY.

8. DEFENDANT AVERS, THAT WITHOUT THE ABOVESAID STATE [AND] FEDERAL TRIAL RECORDS AND INTELLECTUAL PROPERTY DEFENDANT ANTHONY L. FLETCHER WILL BE UNCONSTITUTIONALLY [DEPRIVED] OF THE RELEVENT AND [NECCESSARY] EVIDENCE TO PRESENT THE MERITORIOUS ISSUES OF HIS 2ND SUCCESSIVE HABEAS CORPUS BASED ON [NEWLY DISCOVERED] EVIDENCE [AND] HIS FIRST STEP ACT [MEDICAL] COMPASSIONATE RELEASE MOTION PURSUANT TO 18 USC, SECTION 3582(C)(1)(A).

9. DENIAL OF THIS MOTION WOULD BE A DENIAL OF DUE PROCESS AS WELL AS DENIAL OF A CONSTITUTIONAL RIGHT TO ACCESS THE COURT. BOUNDS V. SMITH, 97 S.CT. 1491 (1977).

WHEREFORE, FOR THE ABOVESAID REASONS DEFENDANT ANTHONY L. FLETCHER HERE REQUEST THIS COURT TO ORDER A [STOP] TO THE DISTRUCTION OF DEFENDANTS 12/16/2022 STATE/FEDERAL TRIAL RECORD, INTELLECTUAL, AND OTHERWISE DISCHARGE (EXHIBIT-A) PROPERTY, AND

5

FURTHER ORDER RANDOLFF COUNTY SHERIFF TO SHIP DEFENDANTS [ENTIRE] INVENTORY OF 12/16/2022 DISCHARGE PROPERTY [AT RANDOLFF COUNTY ILLINOIS SHERIFF EXPENSE], TO DEFENDANTS CURRENT PLACE OF INCARCERATION.

AND FOR FURTHER RELIEF THE COURT DEEMS PROPER.

RESPECTFULLY SUBMITTED

DEFENDANT

1/31/2025
DATE

6

## AFFIDAVIT

PURSUANT TO 28 USC, SECTION 1746, UNDER PENALTIES AS PRESCRIBED BY LAW, THE UNDERSIGNED HEREBY CERTIFIES THAT HE IS THE MAKER OF THE FOREGOING: Motion TO Compel RANDOLFF COUNTY SHERIFF, AND THAT INFORMATION CONTAINED THEREIN IS TRUE AND CORRECT TO THE BEST OF HIS KNOWLEDGE AND BELIEF.

1/31/2025
DATE

7

# CERTIFICATE
## OF SERVICE

PURSUANT TO 28 USC, SECTION 1746, UNDER
PENALTIES AS PRESCRIBED BY LAW, THE UNDERSIGNED
HEREBY CERTIFIES THAT HE HAS FOREWARDED THE FOREGOING:
MOTION TO Compel RANDOLF COUNTY SHERIFF, TO THE
UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF
ILLINOIS, PEORIA, LOCATED AT 100 N.E. MONROE ST.
PEORIA, IL. 61602, THROUGH THE UNITED STATES
MAIL SERVICE, POSTAGE PREPAID AND ATTACHED
THERETO, AT F.C.I. WILLIAMSBURG, P.O. BOX 340,
SALTERS, S.C. 29590, ON JANUARY 31, 2025.

1/31/2025
DATE

_____
DEFENDANT

8.



**LEGAL MAIL**



📞 847-291-0200

✉ kmoore@ifmklaw.com

📍 **IFMK Law, Ltd.**
650 Dundee Road
Suite 475
Northbrook, IL 60062

**LEGAL MAIL**

January 14, 2025

**_Via U.S. Mail_**

Anthony L. Fletcher, #13596-026
FCI Williamsburg
8301 Hwy. 521
Salters, SC 29590

Re:    *Fletcher v. Peters et al., Case No. 23cv1054*

Dear Anthony Fletcher,

We write to inform you that your property will be destroyed if it is not picked up or otherwise moved from the Randolph County Jail by 4 p.m. on February 28, 2025. As you likely know, this matter was dismissed on November 20, 2024, and the Randolph County Sheriff's Department retains no obligation to continue to hold your property. If you have someone you would like for the Randolph County Sheriff's Department to mail your property to, please identify that person and their address in writing to me no later than February 21, 2025, so that I can relay that information over to the Sheriff's Department prior to the destruction of your property. You can also have an individual go to the Randolph County Jail and pick up the boxes at any time between now and 4 p.m. on February 28, 2025.

Sincerely,

*s/Kyle R. Moore*

Kyle R. Moore
**IFMK Law, Ltd.**

Illinois  |  Indiana  |  Wisconsin  |  Missouri  |  Michigan  |  Iowa  |  Minnesota

www.ifmklaw.com

| PRISONER PROPERTY AND ADMISSION CONTROL REPORT | Name: | Fletcher, Anthony Levelle |
|---|---|---|
| | SSN: | |
| | JCA: | 20220330 |
| | Booking#: | 20220330-001 |

## MEDICAL TREATMENT

I certify that I have refused medical treatment. I release Randolph County 's Ofc. Jail, its staff and the Sheriff from any and all liability which might arise as a result of such refusal.

Date: 12-16-, 2022

Inmate:

Witness:

## MEDICAL AUTHORIZATION

I hereby authorize any medical provider treating me while I am confined in the Randolph County 's Ofc. Jail to release medical records arising from such treatment to the Sheriff or Detention Center.

Date: 12-16-22

Inmate:

## MAIL

I authorize officials of this jail the right to examine for contraband all mail, packages and other items which are sent to me while I am confined in this facility

Signature:

Date: 12-16-22

Witness:

Date:

## TELEPHONE CALL

I certify that I have been given the opportunity to contact the following individuals by telephone

☐ Relative    ☐ Friend    ☐ Employer

☐ Attorney    ☐ Bondsman    ☐ No Contact

☐ No Call Desired

Witness:

Signature:

Time:    Date:

## PROPERTY HELD

Searched By: Juenger, Jason    Date: 12/16/2022

Department: —Unknown—

I Certify that the below listed property is a true and complete accounting of all personal property taken from me at the time I was commited to this facility.

Signature:

Date: 12-16-22

☐ Refused To Sign

Witness:

Date:

## PROPERTY RETURNED

I Certify that I have received property listed below and due me following my release from this facility.

Signature:

Date:

☐ Refused To Sign

Witness:

Date:

| Quantity | Description | Location | Status |
|---|---|---|---|
| 1 | 1 gray sweatshirt, 2 multicolored t shirts, 2 pair gray sweatpants, 1 pair gray sweat shorts, 1 pair white shoes, 1 pair white underwear | Property Storage | Normal Hold |
| 1 | 1 long sleeve long john shirt, 1 pair white boxers, 2 pair white socks, 1 pair of long john pants | On Person | Normal Hold |
| 1 | 27 boxes of property to go through | Property Storage | Normal Hold |

**Exhibit A** RC 29

Randolph County Sheriffs Ofc.    Case 3:23-cv-01054-SPM    Document 49-1    Filed 09/16/24    Page 8 of 8    Page ID #230

| PRISONER PROPERTY AND ADMISSION CONTROL REPORT | Name Not Found: |
|---|---|

**MEDICAL TREATMENT**

I certify that I have refused medical treatment. I release Randolph County 's Ofc. Jail, Its staff and the Sheriff from any and all liability which might arise as a result of such refusal.

Date: _____

Inmate: _____

Witness: _____

**MEDICAL AUTHORIZATION**

I hereby authorize any medical provider treating me while I am confined in the Randolph County 's Ofc. Jail to release medical records arising from such treatment to the Sheriff or Detention Center.

Date: _____

Inmate: _____

**MAIL**

I authorize officials of this jail the right to examine for contraband all mail, packages and other items which are sent to me while I am confined in this facility.

Signature: _____

Date: _____

Witness: _____

Date: _____

**TELEPHONE CALL**

I certify that I have been given the opportunity to contact the following individuals by telephone

☐ Relative        ☐ Friend        ☐ Employer
☐ Attorney        ☐ Bondsman      ☐ No Contact
☐ No Call Desired

Witness: _____

Signature: _____

Time: _____ Date: _____

**PROPERTY HELD**

Searched By: ---Unknown---                    Date:

Department: ---Unknown---

I Certify that the below listed property is a true and complete accounting of all personal property taken from me at the time I was commited to this facility.

Signature:
_____

Date:
_____

☐ Refused To Sign

Witness:
_____

Date:
_____

**PROPERTY RETURNED**

I Certify that I have received property listed below and due me following my release from this facility.

Signature:
_____

Date:
_____

☐ Refused To Sign

Witness:
_____

Date:
_____

| Quantity | Description | Location | Status |
|---|---|---|---|

**Exhibit A**    RC 30    9/16/2024

EXHIBIT - A

THIS DOCUMENT IS INTENDED TO SERVE AS AN ALL-ENCOMPASSING RESPONSE TO 3 GRIEVANCES DATED AS FOLLOWS; 12/17/2022, 12/18/2022, 12/23/2022 AND ANOTHER NOT DATED – FILED BY [redacted]

On Tuesday December 27, 2022, I, Randolph County Sheriff Chief Deputy Ryan Coffey, did receive two grievances from Anthony Fletcher (Federal Detainee).

The first, dated 12/23/2022, received by Correctional Officer Ed Braun at 4:07pm, was entitled "Appeal of Grievance (Unanswered)". The subject of this grievance pertained to the four previous grievances Fletcher had filed indicating that those grievances were unanswered.

On Wednesday, December 28, 2022, I met with A. Fletcher. Also present was CO Rock, CO Usher, and CO Trainee Hanks. I explained to Fletcher that his grievance designated as an appeal was in fact answered, when he, Sheriff Peters and I met with him two days following his arrival and went through the commissary items. We discussed in detail what he could take and what would be discarded and what would remain in storage until he found a place for those items to be shipped.

Fletcher indicated that he wanted his sweetener. I indicated that I didn't recall sweetner, but that it may have been discarded due to it not being in its original packaging. Fletcher said that he is being denied his other personal property. I referred Fletcher to our previous conversation on Friday December 23, 2022, in which I told Fletcher he would be allowed access to organize his property and create a list of items he wished to have. I reminded Fletcher that I told him at that time that I would meet with him the following week to discuss the items he was requesting. Fletcher disputed nearly all of the content of our December 23, 2022 conversation. Fletcher said that we were violating his rights by refusing him access to his property. I reminded Fletcher yet again that this facility does not accept personal property and that Pinkneyville Prison never should have transferred the volume of personal property to begin with.

I again explained that it was logistically impossible to provide him with his approximately 27 boxes of property. I again told Fletcher that this facility cannot house this amount of property, we simply do not have the room.

I again told Fletcher that he is now a federal detainee and that none of the property would be going with him to Federal Prison and that it is imperative that he find a place or person to ship this property.

Fletcher argued that he would be taking his property to federal prison and that we were violating his rights.

I again reiterated to Fletcher that while he was housed in this facility we would provide him with his property as needed, provided it was not inconsistent with our policies and practices. Fletcher continued to be argumentative and demanded his property. I told him that we would make arrangements over the next few days for him to go through the property. This would require scheduling in advance, so that this escort could be staffed. He would then be given an opportunity to identify what he wanted and that we would make the decision once he identified the material in the individual boxes.

On December 29, 2022, I received word that, while I was away from the office, that Sheriff Peters met with Fletcher and provided him access to certain items located in his property. A list of those items was created and placed in Fletcher's file.

END.

Chief Deputy M. Ryan Coffey #7902

RC 12

12/20/2022

Disposition of Grievances filed by Federal Detainee ~~Anthony Fletcher~~

On Monday, December 19, 2022, I, Randolph County Chief Deputy Ryan Coffey, did receive four grievances filed by Federal Detainee Anthony Fletcher.

Fletcher arrived at our facility on Friday, December 16, 2022 as a Federal Detainee, transfer from the Illinois Department of Corrections – Pinkneyville.

Upon arrival, IDOC transportation officers turned Fletcher over along with approximately 27 boxes of Fletcher's personal property. This facility is not equipped to house this volume of personal property. I met with Fletcher and informed him of this issue. Through our conversation, Fletcher stated that the food could be disposed of or given away, but the "Intellectual material, religious material, and legal material was vitally important. Fletcher indicated that he had no one to ship the property to or to pick the property up. I informed him that the Federal prison system, when he is transferred, would likely not except any of this material.

All of the property was moved temporarily to an unoccupied single cell for safe keeping until it could be examined and it could be in part, if any, disseminated to Fletcher.

On December 19 & 20, 2022, I, and Sheriff Peters met with Fletcher regarding his grievances. All four of the grievances pertained to acquiring his property. We informed Fletcher that we could provide him with the following items at this time.

1.  Any unopened/sealed food containers already authorized on our commissary list could be issued to him in quantities consistent with our rules. The bulk of those authorized items would be kept and issued to him as needed.
2.  His bible would be retrieved and provided to him.
3.  We would provide him access to his legal documents at our earliest convenience (provided it can be staffed).
4.  "Intellectual material" would be held until we established a dialog with the U.S. Marshall Service.

On December 20, 2022, Fletcher, Sheriff Peters, and I went through the food items and issued him his first round of items to take back to his cell. The remaining items (unauthorized, opened) were either held back and/or disposed of. Arrangements were then made for Fletcher to be given his bible at that time, with a later time to review legal mail.


END.

*M. Ry Cf*

Chief Deputy M. Ryan Coffey

**RC 13**





[ EXHIBIT 4 ]     RC 25



[ EXHIBIT -A ]

RC 26



[ EXHIBIT - A ]

RC 27



[ EXHIBIT-4 ]  RC 28



US POSTAGE ᴵᴹ° PITNEY BOWES

ZIP 60062
02 7H
0006128826

$ 002.59⁰

MAR 14 2024

FIRST · CLASS

, MAIL

"This Correspondence does not meet BOP criteria for Special Mail Handling."

# First Class Mail



IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062

To:

Anthony Fletcher, #13596-026
FCI Gilmer
Federal Correctional Institution
Inmate Mail/Parcels    2ᵘ
P.O. Box 6000
Glenville, WV 26351

4-212

"This Correspondence does not meet BOP criteria for Special Mail Handling."

LEGAL MAIL

03/21/2024

03/21/2024

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY FLETCHER,                          )
                                           )
            Plaintiff,                     )
                                           )
        vs.                                )        Case No.: 23-cv-01054-SPM
                                           )
SHERIFF JARROD PETERS, OFFICER RYAN        )
COFFEE, OFFICER JASON JUENGER, and         )
OFFICER CHRIS GEISEN,                      )
                                           )
            Defendants.                    )

## CERTIFICATE OF SERVICE

Under penalty of perjury, I hereby certify that on March 14, 2024 I caused a copy of the foregoing *Defendants' Initial Disclosures* to be served upon:

Anthony Fletcher, #13596-026
FCI Gilmer
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 6000
Glenville, WV 26351

via U.S. mail by having a true and correct copy of same placed in an envelope addressed as set forth above with sufficient postage, and by having said envelope placed in the U.S. mail on March 14, 2024 at 650 Dundee Road in Northbrook, Illinois at or about the hour of 5:00 p.m.

                            By:    *s/Bhairav Radia*
                                   Bhairav Radia, #6293600

3

INMATE GRIEVANCE FORM
RANDOLPH COUNTY

PRISONER _A. Fletcher_          HOUSING UNIT/CELL# _Block 1_

ALL GRIEVANCES MUST BE FILED WITHIN 48 HOURS OF THE EVENT OR ACT THAT YOU ARE COMPLAINING
ABOUT. THE JAILER OR HIS DESIGNEE WILL RESPOND TO THIS GRIEVANCE WITHIN **FIVE (5) BUSINESS** DAYS
FROM ITS RECEIPT. IN THE EVENT THAT YOU DO NOT RECEIVE A RESPONSE WITHIN **FIVE (5) BUSINESS**
DAYS THEN YOUR GRIEVANCE HAS BEEN DENIED. IF YOU ARE NOT SATISFIED WITH THE INITIAL RESPONSE TO
YOUR GRIEVANCE, YOU MAY APPEAL TO THE JAILER OR HIS DESIGNEE WITHIN 48 HOURS OF THE INITIAL
RESPONSE. THE JAILER OR HIS DESIGNEE WILL RESPOND TO YOUR APPEAL WITHIN **FIVE (5) BUSINESS**
DAYS. IF YOU DO NOT RECEIVE A RESPONSE WITHIN **FIVE (5) BUSINESS** DAYS, THE APPEAL HAS BEEN
DENIED.

**EMPLOYEE PROVIDING GRIEVANCE FORM (PRINT/SIGN/ID NUMBER)**

Geisen #2

**QUESTIONS**

Date and Time Form Provided: 12/18/22 @ 730Am

Date and Time Completed Form Received:

**Describe Complaint:**

On 12/16/2022 Grievant was Transfered From State prison
into The Custody of The Federal Marshal's office pursuant
to Federal DETAINER. By The Authority of The Randolph
County Jail Sheriff, Shannan Wolff.
WHEREBY, According to The (First 48 Hr.) Grievance Require-
ment of The Randolph County Jail Rules (under IL. Co.
Jail Standards) [No 1 'inventory' of The entire shipment
of Grievant's State prison Commissary, Religious, & Legal.

Please provide the date and time of the incident complained of: Date: 12/16/22 Time: 8:00 pm

**Did you complain to person responsible for the action of your complaint?**

○ Yes    ○ No

If yes, Identify the person you complained to:

What was the response of that person to your complaint?

**RC 1**

03/21/2024

AND ART SUPPLY PROPERTY FROM 12/16/2022 -TO-12/18/2022
WITH [NO] WRITTEN DOCUMENTATION OF [ANY] PROPERTY WHAT-
SO- EVER THAT WAS ACCESSED BY OFFICER JINGER
(T.V., HOT POT, FAN, ETC.) INCLUDING FOOD ITEMS, BOOKS,
LEGAL AND RELIGIOUS PROPERTY.

### - RELIEF REQUEST -

1) THAT a COMPLETE INVENTORY AND DOCUMENTED [WRITTEN]
RECORD (OF [ALL] STATE PRISON PERSONAL PROPERTY
ARRIVING WITH THE GRIEVANT IN 27 BOXES ON 12/16/
2022) BE CONDUCTED IN THE PRESENCE OF GRIEVANT;
AND THAT GRIEVANT BE PROVIDED WITH WRITTEN DOCU-
MENTION OF THE RECORD OF [ALL] SAID PERSONAL, LEGAL,
RELIGIOUS, AND INTELLECTUAL, AND COMMISSARY PROPERTY

2) THAT GRIEVANT [BE PROVIDED] WITH a COPY OF
ALL CONTRACTS, RULES, DIRECTIVES, PROCEDURES,
AND COUNTY JAILS AND U.S. MARSHAL PROTOCOLS FOR
THE DETAINING, PERSONAL CARE, AND HANDLING OF
FEDERAL DETAINEE'S PERSONAL, LEGAL, RELIGIOUS,
INTELLECTUAL, AND COMMISSARY PROPERTY FROM
STATE -TO- FEDERAL CUSTODY ON THE DATE(S)
OF INVENTORY.

12/18/2022

**RC 2**

INMATE GRIEVANCE FORM
RANDOLPH COUNTY

PRISONER: *Anthony C Fletcher*                    HOUSING UNIT/CELL# *Block #1/Cell D*

ALL GRIEVANCES MUST BE FILED WITHIN **48** HOURS OF THE EVENT OR ACT THAT YOU ARE COMPLAINING
ABOUT. THE JAILER OR HIS DESIGNEE WILL RESPOND TO THIS GRIEVANCE WITHIN **FIVE (5) BUSINESS** DAYS
FROM ITS RECEIPT. IN THE EVENT THAT YOU DO NOT RECEIVE A RESPONSE WITHIN **FIVE (5) BUSINESS**
DAYS THEN YOUR GRIEVANCE HAS BEEN DENIED. IF YOU ARE NOT SATISFIED WITH THE INITIAL RESPONSE TO
YOUR GRIEVANCE, YOU MAY APPEAL TO THE JAILER OR HIS DESIGNEE WITHIN **48** HOURS OF THE INITIAL
RESPONSE. THE JAILER OR HIS DESIGNEE WILL RESPOND TO YOUR APPEAL WITHIN **FIVE (5) BUSINESS**
DAYS. IF YOU DO NOT RECEIVE A RESPONSE WITHIN **FIVE (5) BUSINESS** DAYS, THE APPEAL HAS BEEN
DENIED.

**EMPLOYEE PROVIDING GRIEVANCE FORM (PRINT/SIGN/ID NUMBER)**

*Scott 9018*

**QUESTIONS**

Date and Time Form Provided: *12/17/22 1:07 pm*

Date and Time Completed Form Received:

**Describe Complaint**

ON 12/16/2022 GRIEVANT WAS TRANSPORTED FROM STATE
PRISON TO FEDERAL CUSTODY PURSUANT TO FEDERAL DETAINER
WARRANT AS A FEDERAL DETAINEE OF THE RANDOLF COUNTY
SHERIFF SHANNON WOLF AT THE RANDOLF COUNTY JAIL WITH
2A BOXES OF LEGAL [AND] 1 BAG OF RELIGIOUS [INTELLECTUAL]
[PROPERTY] CONTAINING, BUT NOT LIMITED TO, THE [ENTIRE] FEDERAL/
STATE [DUAL] PROSECUTION TRIAL RECORD UNDER U.S. DISTRICT COURT
CASE # 07 CR-10043. AND ANY LEGAL DOCUMENTATION [WHAT-SO-EVER] → NEXT PAGE

Please provide the date and time of the incident complained of: Date: *12/16/2022* Time: *1:00 pm*

**Did you complain to person responsible for the action of your complaint?**

☑ Yes     ○ No

If yes, Identify the person you complained to: *OFFICER JINGER*

What was the response of that person to your complaint? *THEY WOULD CHECK W/MARSHOL's*

**RC 3**

FROM [EITHER] THE RANDOLF COUNTY SHERIFF OR THE UNITED STATES MARSHALS OFFICER, GRIEVANT WAS TOLD BY EMPLOYEE OFFICER JINGER THAT I WOULD NOT BE ALLOWED TO TAKE THE BULK/ MOST OF MY FEDERAL/STATE LEGAL PROPERTY WHEN TRANSFERED TO THE U.S. MARSHALS FOR AIR LIFT TRANSPORT AND THAT RANDOLF COUNTY WOULD ARBITRARILY WITHHOLD GRIEVANTS LEGAL ~~NO GRIEVANCE MATTER~~ PERSONAL, AND COMMISSARY PROPERTY. FOR UP TO 6 (SIX) MONTHS AFTER GRIEVANT HAS LEFT RANDOLF COUNTY JAIL. WHICH'S "ARBITRARY [FORCED] "WITHHOLDING OF GRIEVANTS LEGAL, AND PERSONAL AND COMMISSARY PROPERTY [WITHOUT] PROVIDING GRIEVANT [ANY [WRITTEN] STATE OF FEDERAL LEGAL AUTHORITY FOR THE PROCEDURE OR PROTOCOLS FOR THE COUNTY SHERIFF AND/OR UNITED STATES MARSHALS [ARBITRARY] [FORCED] FOREFLETURE AND WITHHOLDING OF STATE PERSONAL PROPERTY FROM FEDERAL AIR CUSTODY TRANSPORT TO FEDERAL PRISON IN VIOLATION OF GRIEVANTS RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF LAWS UNDER [BOTH ] ~~STATE~~ STATE AND FEDERAL CONSTITUTIONS PURSUANT TO ARTICAL 1, SECTION 2 [FL.CONST.], AND AMENDMENT 14 [U.S.CONST.].

— RELIEF REQUEST —

THAT [All] LEGAL, PERSONAL, AND COMMISSARY [PROPERTY] [NOT] TENDERED TO GRIEVANT, WHILE IN CUSTODY OF THE RANDOLPH COUNTY JAIL UNDER FEDERAL DETAINER WARRANT, BE TRANSPORTED, ALONG WITH GRIEVANT, TO (SHADOW SKY, ETC.) AIR LIFT [IN ITS ENTIRETY ] FOR TRANSPORT INTO FEDERAL PRISON WITH [COMPLETE] INVENTORY RECORD.

RC 4

INMATE GRIEVANCE FORM
RANDOLPH COUNTY

PRISONER _A. FLETCHER_

HOUSING UNIT/CELL# _BK 1 Cell D_

ALL GRIEVANCES MUST BE FILED WITHIN 48 HOURS OF THE EVENT OR ACT THAT YOU ARE COMPLAINING ABOUT. THE JAILER OR HIS DESIGNEE WILL RESPOND TO THIS GRIEVANCE WITHIN FIVE (5) BUSINESS DAYS FROM ITS RECEIPT. IN THE EVENT THAT YOU DO NOT RECEIVE A RESPONSE WITHIN FIVE (5) BUSINESS DAYS THEN YOUR GRIEVANCE HAS BEEN DENIED. IF YOU ARE NOT SATISFIED WITH THE INITIAL RESPONSE TO YOUR GRIEVANCE, YOU MAY APPEAL TO THE JAILER OR HIS DESIGNEE WITHIN 48 HOURS OF THE INITIAL RESPONSE. THE JAILER OR HIS DESIGNEE WILL RESPOND TO YOUR APPEAL WITHIN FIVE (5) BUSINESS DAYS. IF YOU DO NOT RECEIVE A RESPONSE WITHIN FIVE (5) BUSINESS DAYS, THE APPEAL HAS BEEN DENIED.

| BY EMPLOYEE PROVIDING GRIEVANCE FORM (PRINT/SIGN/ID NUMBER) |
|---|
| A. Howell #14  /A. Howell #14 |

| QUESTIONS |
|---|

Date and Time Form Provided: 12/17/22  5:05 Pm

Date and Time Completed Form Received:

**Describe Complaint:**

ON 12/16/2022 GRIEVANT ARRIVED at RANDOLF COUNTY JAIL as A FEDERAL DETAINEE — WITH **21** BOXES OF LEGAL PROPERTY, and RELIGIOUS PROPERTY, and PERSONAL PROPERTY. AMONG SAID PROPERTY WAS 1 BAG OF INTELLECTUAL RELIGIOUS PROPERTY CONSISTING OF A 12 BOX COMPILATION AUTHORED BY GRIEVANTE ; (ONE) BOOK OF "SABBATH" ITEN-2RARY ; 3 ADDITIONAL INCOMPLETE LITERARY COMPOSITIONS, and ONE BIBLE (THE HOLY ROYAL WORD OF ETERNAL LIFE.") ——→

Please provide the date and time of the incident complained of:  Date:        Time:

Did you complain to person responsible for the action of your complaint?

☑ Yes     ○ No

If yes, Identify the person you complained to:  OFFICER JINGER

What was the response of that person to your complaint? WOULD CHECK W/ SUPP.

**RC 5**

ON 12/16/2022 "THE weekly SABBATA" CAME IN at
SUNSET, and GRIEVANT was [DENIED] ACCESS TO [All]
RELIGIOUS MATERIAL as a [PRACTICE OF] JU] By RandNPH
COUNTY JAIL EMPLOYEE OFFICER JINGER. WHICH ACTION
VIOLATED GRIEVANTS RIGHT TO FREEDOM OF RELIGION UNDER
[BOTH] ILLINOIS, and US. CONSTITUTION [1st AMENDMENT [U.S. CONST.].

COUNT II

GRIEVANT was "ALSO" DENIED ACCESS All LEGA PAPERS,
Law BOOKS, TYPING PAPER, and ART SUPPLIES and ART
PAPERS, PENCILS, and PAINTS and BRUSHES while RANDOLPH
COUNTY JAIL CELL ART SUPPLIES IN THEIR COMMISSARY.

— RELIEF REQUEST —

1) THAT GRIEVANT BE TENDERED [All] HIS INTELLECTUAL
PROPERTY, and [SABBATA] STUDY MATERIALS

2) THAT GRIEVANT BE TENDERED ~~~ ART PAPER, and
PENCILS

3) THAT GRIEVANT BE TENDERED [All] TYPING POPER
and [NECCESSARY] LEGAL BOOKS and DICTIONARIES

4) THAT GRIEVANT BE TENDERED All FOOD ITEMS OF
HIS PROPERTY IN THE QUANTITY LIMITS SET FOR
COUNTY JAIL INMATE IN RANDOLPH COUNTY (WHICH
CURRENTLY HAS [NO LIMITS]).

**RC 6**

03/21/2024

## INMATE GRIEVANCE FORM
### RANDOLPH COUNTY

PRISONER _Anthony Fletcher_                    HOUSING UNIT/CELL# _B/K) Cell D_

ALL GRIEVANCES MUST BE FILED WITHIN 48 HOURS OF THE EVENT OR ACT THAT YOU ARE COMPLAINING ABOUT. THE JAILER OR HIS DESIGNEE WILL RESPOND TO THIS GRIEVANCE WITHIN **FIVE (5) BUSINESS** DAYS FROM ITS RECEIPT. IN THE EVENT THAT YOU DO NOT RECEIVE A RESPONSE WITHIN **FIVE (5) BUSINESS** DAYS THEN YOUR GRIEVANCE HAS BEEN DENIED. IF YOU ARE NOT SATISFIED WITH THE INITIAL RESPONSE TO YOUR GRIEVANCE, YOU MAY APPEAL TO THE JAILER OR HIS DESIGNEE WITHIN 48 HOURS OF THE INITIAL RESPONSE. THE JAILER OR HIS DESIGNEE WILL RESPOND TO YOUR APPEAL WITHIN **FIVE (5) BUSINESS** DAYS. IF YOU DO NOT RECEIVE A RESPONSE WITHIN **FIVE (5) BUSINESS** DAYS, THE APPEAL HAS BEEN DENIED.

**EMPLOYEE PROVIDING GRIEVANCE FORM (PRINT/SIGN/ID NUMBER)**

_#3_

**QUESTIONS**

Date and Time Form Provided: ~~01023~~ 12-16-22    607AM

Date and Time Completed Form Received:

**Describe Complaint:**

ON, 12/16/2022 GRIEVANT ~~WAS~~ TRANSFERED FROM STATE TO FEDERAL CUSTODY WITH 25 BOXES OF LEGAL MATERIALS 2ND 2 ~~LARGE~~ BOXES OF COMMISARY ITEMS VALUED 2T APPROX. $312.00. UPON INTAKE ~~████████~~ (INTAKE OFFICER) AND SUPERINTENDENT COFFEE SPOKE TO GRIEVANT. SUPR. COFFEE INFORMED GRIEVANT THAT HE (COFFEE) WOULD CONTACT THE US MARSHALL ABOUT GRIEVANTS PROPER, AND GIVE GRIEVANT THE RESULTS. ———> (NEXT PAGE) ———>

Please provide the date and time of the incident complained of: Date: _12/17/22_ Time: ~~8~~ _37 4M_

**Did you complain to person responsible for the action of your complaint?**

X Yes    o No

If yes, identify the person you complained to: _OFFICER JUNGE 2ND SUP. COFFEE_

What was the response of that person to your complaint? _CHECK WITH THE MARSHALL SON._
_(THEY WOULD CHECK)_

**RC 7**

03/21/2024

FEDERAL INMATE
— STATE PROPERTY GRIEVANCE —
CONTINUATION    P.2

Conversly, employee (said intake officer) informed
Grievant that he was going Discard [All] of Grievant's
Commissary Food items (over $300.00 worth) because
of Rats (while at the same time maintain a full county
Jail Commisary for All Randof County inmates) said
intake officer(s) Also [Denied] Grievant [Any] documenta-
tion of procedures, protocols, or process
of the handling of federal inmates person and commis-
ary and electronic property (what-so-ever).
Said employee (intake officer) Also failed to provide Grievant
with Any Copy of Procedure, protocols, process, or
Federal Contract with the U.S. Marshall service — of the
terms and Conditions for Randolph County Jail providing
and [upholding] federal inmates due process and
equal protection Rights, and upholding federal
detainee(s) Rights to their personal property
items from state prison to federal (including All
Commisary items) and providing [All] federal
inmate detainee's (in writting) of All laws, county
Jail Rules, protocols and procedures for the
lawful Reasons for a [Denial] of federal inmate
state prison property or commissary
items.

In this case, employee Jinger (intake employee)
suggested that Randolp County Jail employees would
[Arbitrarily] Distroy All Grievants Food items
without [Any] reasonable Justification under Illinois
law in violation of Grievant's Illinois and United

**RC 8**

FEDERAL DETAINEE
— STATE PROPERTY GRIEVANCE —
CONTINUED P. 3

CONSTITUTIONAL RIGHT TO FAIR [WRITTEN] NOTICE AND DUE PROCESS OF LAW, EQUAL PROTECTION OF LAWS; AND IN VIOLATION OF THE FEDERAL CONTRACT WITH THE U.S. MARSHAL SERVICE ~~AND~~ FOR CARE AND PROTECTION OF FEDERAL DETAINEES PERSON AND COMMISSARY AND ELECTRONIC ~~AND~~ STATE PRISON PROPERTY.

| Response to Grievance | Date |
|---|---|

NO GRIEVANCE LISTED.

— RELIEF REQUEST —

1) THAT GRIEVANT RECIEVE [ALL] ~~HIS~~ STATE PRISON COMMISSARY PROPERTY ~~~~ (INCLUDING ELECTRONICS).

2) THAT GRIEVANT RECIEVE [ALL] [WRITTEN] CONTRACTS, LAWS, RULES, PROTOCOLS, ~~~~ PROCEDURES, AND DIRECTIVES BY ~~~~ AND BETWEEN RANDOLF COUNTY JAIL AND THE FEDERAL GOVERMENT FOR THE PROTECTION AND THE MAINTAINCE OF PERSON, COMMISSARY, AND ELECTRONIC PROPERTY OF FEDERAL DETAINEES FROM STATE-TO-FEDERAL CUSTODY.

**RC 9**

03/21/2024

INMATE GRIEVANCE FORM
RANDOLPH COUNTY

PRISONER  _A Fletcher_                    HOUSING UNIT/CELL#  _Block 1/Cell C_

ALL GRIEVANCES MUST BE FILED WITHIN 48 HOURS OF THE EVENT OR ACT THAT YOU ARE COMPLAINING
ABOUT. THE JAILER OR HIS DESIGNEE WILL RESPOND TO THIS GRIEVANCE WITHIN FIVE (5) BUSINESS DAYS
FROM ITS RECEIPT. IN THE EVENT THAT YOU DO NOT RECEIVE A RESPONSE WITHIN FIVE (5) BUSINESS
DAYS THEN YOUR GRIEVANCE HAS BEEN DENIED. IF YOU ARE NOT SATISFIED WITH THE INITIAL RESPONSE TO
YOUR GRIEVANCE, YOU MAY APPEAL TO THE JAILER OR HIS DESIGNEE WITHIN 48 HOURS OF THE INITIAL
RESPONSE. THE JAILER OR HIS DESIGNEE WILL RESPOND TO YOUR APPEAL WITHIN FIVE (5) BUSINESS
DAYS. IF YOU DO NOT RECEIVE A RESPONSE WITHIN FIVE (5) BUSINESS DAYS, THE APPEAL HAS BEEN
DENIED.

| EMPLOYEE PROVIDING GRIEVANCE FORM (PRINT/SIGN/ID NUMBER) |
|---|
| _Ed B_____     Ed Brown_ |

| QUESTIONS |
|---|

Date and Time Form Provided:

Date and Time Completed Form Received:

Describe Complaint

GRIEVANT AVERS THAT PURSUANT TO ME REV. STAT. TIT. 34-A
SEC. 3062: TRANSFER FROM PRISON TO a FEDERAL CORRECTION-
aL INSTITUTION; (3) EFFECT ON RESIDENT OF a CORRECTIONAL
FaCILITY." THE RIGHTS OF TRANSFERED RESIDENTS OF a
CORRECTIONaL CENTER/FaCILITY aRE GOVERNED as FOLLOWS:
(A) "A RESIDENT OF a CORRECTIONaL FaCILITY TRANSFERED
UNDER THIS SECTION IS SUBJECT TO THE TERMS OF THE
RESIDENTS [ORIGINaL] SENTENCE OR SENTENCES "as IF THE → NEXT PAGE

Please provide the date and time of the incident complained of: Date: _12/24/22_ Time:

Did you complain to person responsible for the action of your complaint?

☒ Yes     ○ No

If yes, Identify the person you complained to:  _All EMPLOYEES HEREIN NAMED_

What was the response of that person to your complaint?  _NO RESPONSE_

_12/23/2022_                                           **RC 10**

RESIDENT WERE SERVING THE SENTENCE OR SENTENCES "WITHIN THE CONFINES OF THE PRISON." [1983, C. 459, SEC. 6 (NEW)]."

CONVERSLY, RANDOLPH COUNTY JAIL SHERIFF, SHANNON WOLF AND EMPLOYEES JARROD PETERS, RYAN COFFEE, OFFICER JIMBER AND OFFICER GIESEN

VIOLATED THE ABOVESAID FEDERAL STATUTE AS WELL AS THE EXPLOITATION OF AN ELDERLY PERSON OR PERSON WITH DISABILITY AT 720 ILCS 5/17-56 WHERE BY DECEPTION AND INTIMIDATION OF GRIEVANT [SAID] RANDOLPH COUNTY SHERIFF AND EMPLOYEES OBTAINED [ILLEGAL] AND ███████ UNAUTHORIZED [FORCED] CONTROL OVER GRIEVANTS CORRECTIONAL FACILITY INMATE LEGAL, PERSONAL, COMMISSARY, ELECTRONIC, ART SUPPLIES, COSMETIC, AND U.S. COPY RIGHT (RELIGIOUS) INTECTUAL PROPERTY, IN TRANSFER FROM PINCKNEYVILLE COR-RECTIONAL FACILITY TO A FEDERAL PRISON, AS A FEDERAL DETAINEE ████ TRANSFERING FROM A CORRECTIONAL FACILITY TO FEDERAL PRISON [WITHOUT] ANY ACCESS TO HIS PROPERTY FROM 12/16/2022 -THRU- 12/24/2022, AND BY A MISAPPROPRIA-TION OF GRIEVANTS CORRECTIONAL FACILITY PROPERTY BY UNDUE INFLUENCE, BREECH OF FIDUCIARY RELATIONSHIP, FRAUD, DECEPTION, EXTORTION AND THE USE OF GRIEVANTS CORRECTIONAL FACILITY INMATE PROPERTY ASSETS AND RESOURCES CONTARY TO LAW, ME REV. STAT. TIT. 34-A SEC. 3062.

                    - RELIEF REQUEST-

1) GRIEVANT HEREBY REQUEST [ALL] HIS CORRECTIONAL FACILITY TRANSFER PROPERTY OF ART SUPPLIES, COMMISSARY, AND COSMETICS AND HYGENE ITEMS; AND ████████

2) THAT ALL LEGAL, AND COPY RIGHT (RELIGIOUS) INTELLECTUAL, AND ART MATERIALS AND SUPPLIES BE GIVEN AND TRANSPO████ TO FEDERAL TRANSPORT.

RCD11





# RANDOLPH COUNTY SHERIFF'S OFFICE

### JARROD A. PETERS
### SHERIFF

## Randolph County Jail Shift Report

Officers: Hanks, Juenger, Woods

Date:  December 20, 2022

Shift:  Dayshift

Beginning Count:  27                          Ending Count:  27

# Bookings:  0                                 # Released:  0

# Visits:  1                                   # Cell Searches:  0

Keys Accounted For:  Yes ☒  No ☐

Kitchen Tools Accounted For:  Yes ☒  No ☐

Medication Accounted For:  Yes ☒  No ☐

Security Restraints Accounted For:  Yes ☒  No ☐

Fire Extinguishers Checked:  Yes ☒  No ☐

Grievance(s): Yes☐ No ☒ Time Received: Received from:

Letters/Notes/Grievance(s): Yes☐ No ☒ Received From:

**Incidents on this shift: (Include Jail Incident # if Applicable)**

AMMENDED: Fletcher was issued pre-authorized personal property, commissary, and religious material. Per 7901 & 7902.

**Overtime Worked and Reason for Overtime:**

Succeeding Shift Initials:          X _____          X _____

**RC 14**





# RANDOLPH COUNTY SHERIFF'S OFFICE

## JARROD A. PETERS
## SHERIFF

## Randolph County Jail Shift Report

Officers: Geisen/Rock

Date:  December 25, 2022

Shift:  Dayshift

Beginning Count:  25                    Ending Count:  26

# Bookings:  1                          # Released:  0

# Visits:  0                            # Cell Searches:  0

Keys Accounted For:  Yes ☒  No ☐

Kitchen Tools Accounted For: Yes ☒   No ☐

Medication Accounted For:  Yes ☒  No ☐

Security Restraints Accounted For:  Yes ☒  No ☐

Fire Extinguishers Checked:  Yes ☒  No ☐

▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒

▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒

**Incidents on this shift: (Include Jail Incident # if Applicable)**

1. A. Fletcher did not wish to go through his property as approved by 79-02. States he will talk to Coffey when he returns to work.
2. Bierman allowed to make a phone call between the gates. Was instructed to not contact his parents due to them being the victims of the domestic battery charge.
3. Shipley refused both breakfast and lunch trays.
4. We are down to only 3 loaves of bread in the kitchen.

**Overtime Worked and Reason for Overtime:**


Succeeding Shift Initials:          X _____          X _____

**RC 15**



# RANDOLPH COUNTY SHERIFF'S OFFICE

## JARROD A. PETERS
## SHERIFF

01/04/2023

AUTHORIZATION TO ACCESS BULK PROPERTY

   A.  Fletcher

We will make the following accommodations for access to your property.

On January 5, 2023, you will be escorted to an unoccupied single cell where your property is currently being secured. You will be given 20 minutes to go through your property and categorize the contents of the boxes in the following manner.

- Commissary
- Hygiene
- Legal Books
- Writing Documents, books you've authored/authoring, Blank paper and envelopes
- Legal Documents
- Misc.

You are only authorized to take blank paper and envelopes with you back to your cell following this visit. All other items must be requested and disseminated in accordance with our standard scheduled distribution of commissary, reading material, etc.

Please take the time to organize this property in a manner that makes retrieval of requested items efficient for our Corrections staff going forward.

If the allotted 20 minutes turns out to be an inadequate amount of time, I will make arrangements for you to return to finish this task at a later date.

As I have said, the sheer volume of personal property transferred with you from State Prison cannot be provided to you in bulk in your cellblock. There is not enough room and it poses a safety concern.

We, again, urge you to make arrangements for this property to be shipped to a secure location or picked up. Per Randolph County Jail protocol, 6 months following your transfer to a federal penitentiary, your property will be destroyed.

*Chief Deputy M. Ryan Coffey #7902*

*Jail Administrator*

RC 17

Held without Bond
Fingerprinted: Yes

RC 21

03/21/2024

## Ryan Coffey

From:       Batson, Jason (USMS) <Jason.Batson@usdoj.gov>
Sent:       Wednesday, December 21, 2022 3:18 PM
To:         Jarrod Peters
Cc:         Ryan Coffey
Subject:    Prisoner Property - Anthony Fletcher

Hi Sheriff Peters,

It was good to reconnect with you today. I wanted to take a moment and follow up our earlier visit with an email.

During our visit, I told Mr. Fletcher he needed to make arrangements for the large amount of his prisoner property that is being held in Randolph County Jail. As you know, he has over twenty boxes and bags of papers he claims to be legal work and self-authored books. I asked him to contact his nearest relative to arrange for them to take possession of it. He said he didn't have any relatives. I told him he needed to arrange to ship the material to a destination of his choosing. He refused the directive and claimed he has a right to possess the contents of the boxes. Mr. Fletcher also said he doesn't care about the excess commissary and other personal effects (t.v., etc.)

We checked with our JPATS division (the airlift people). They do not allow large amounts of property to be taken aboard the aircraft due to weight and balance concerns.

We also checked with the Bureau of Prisons. The only papers they will allow are actual court records (such as legitimate stamped legal filings, police reports, etc.)

I know his property is occupying a cell that should hold prisoners. I'm concerned the voluminous property presents a fire hazard and the excess commissary presents an unnecessary pest hazard.

Grant contacted IDOC. They provided the following contacts for Mr. Fletcher from their records:

**Stephany Fletcher - sister**



**Jessica Muncaster**



We tried to contact both Ms. Fletcher and Ms. Muncaster at the numbers listed. I also utilized an investigative database to identify additional phone numbers for each of them. We tried to reach them at two different phone numbers. None of the calls were answered. I left messages for each person asking for a return call.

Mr. Fletcher emphasized how important the papers are to him. We emphasized the need for him to act quickly if he wants to retain ownership of the documents. He can either have them shipped or contact someone to retrieve them on his behalf. The ball is in his court. He is waiting designation to the BOP. Once he's designated, he will be sent to the airlift (or local BOP facility). When he leaves your facility, he will have to leave his property behind. If his property is not claimed within a reasonable amount of time after his departure, it will be considered abandoned.

**RC 22**

03/21/2024

I appreciate the efforts you have gone through on this matter.

If you have any questions, please don't hesitate to let me know.

Thank you.

Jason Batson
Supervisor - U.S. Marshals Service
Southern District of Illinois

**RC 23**



( EXHIBIT-42 )

**IFMK**

📞 847-291-0200
✉️ kmoore@ifmklaw.com
📍 **IFMK Law, Ltd.**
650 Dundee Road
Suite 475
Northbrook, IL 60062

July 16, 2024

*Via ECF Notification & U.S. Mail*

Honorable Judge Stephen P. McGlynn
U.S. District Court Southern District East St. Louis
750 Missouri Avenue
East St. Louis, IL 62201

Anthony L. Fletcher, #13596-026
FCI Williamsburg
8301 Hwy. 521
Salters, SC 29590

Re:     *Fletcher v. Peters et al., Case No. 23cv1054*

Dear Honorable Judge Stephen P. McGlynn and Plaintiff Anthony Fletcher,

Pursuant to this Court's orders, Defendants submit the following proposed resolution in camera for the Court and Plaintiff's review.

Defendants' proposed resolution

Defendants propose two potential options for resolution.

1. Defendants produce the boxes (approximately 20 boxes) to any non-incarcerated individual designated by Plaintiff to receive the boxes. Defendants offer to cover the full shipping expenses for any individual designated within the state of Illinois, and half of all shipping costs for anyone located within the United States of America, but outside of the State of Illinois. Defendants propose that once the items are mailed to the identified individual, any return fees will be paid by Plaintiff, and Plaintiff will have 30 days to designate a new individual for any returned shipping at his own expense. If no new shipping request is made or paid for by Plaintiff within the 30-day period, Defendants shall then have the option to destroy all remaining property to avoid further storage costs.



2. Defendants are willing to ship the boxes to Plaintiff at his current place of incarceration, Williamsburg FCI in Salters, South Carolina, at the Sheriff's expense, if Plaintiff can obtain prior written approval from the federal Bureau of Prisons allowing him to receive the property at issue. Based on our understanding and experience with the U.S. Bureau of Prisons, we do not believe the BOP rules will allow Plaintiff to receive these boxes of

Illinois   |   Indiana   |   Wisconsin   |   Missouri   |   Michigan   |   Iowa   |   Minnesota

property. Defendants leave it to the Court to consider whether it is appropriate for the Court to enter an order to the BOP, if Plaintiff cannot obtain approval on his own. Defendants, however, emphasize that, under this option, the shipping of the boxes to the prison shall result in a complete release of Defendants obligation to further store Plaintiff's property, including but not limited to, any responsibility with regard to Plaintiff's property upon any denial by the U.S. Bureau of Prisons or the Marshals Office.

Defendants make these two proposals in exchange for a dismissal of all claims in this lawsuit and a complete release of all claims related to Plaintiff's property at the Randolph County Jail. There will be no admission of liability, wrongdoing, or fault.

Defendants thank the Court and Plaintiff for their attention to this matter, and are open to further suggestions on how this matter can be resolved.


Sincerely,

*s/Kyle R. Moore*

Kyle R. Moore
**IFMK Law, Ltd.**

( EXHIBIT - B P1 )

# Program Statement

OPI:     CPD/CSB

NUMBER:  5580.08

DATE:    August 22, 2011

## Inmate Personal Property

/s/

*Approved*: Thomas R. Kane

Acting Director, Federal Bureau of Prisons

1. **PURPOSE AND SCOPE**

**§ 553.10  Purpose and scope.**

**It is the policy of the Bureau of Prisons that an inmate may possess ordinarily only that property which the inmate is authorized to retain upon admission to the institution, which is issued while the inmate is in custody, which the inmate purchases in the institution commissary, or which is approved by staff to be mailed to, or otherwise received by an inmate. These rules contribute to the management of inmate personal property in the institution, and contribute to a safe environment for staff and inmates by reducing fire hazards, security risks, and sanitation problems which relate to inmate personal property. Consistent with the mission of the institution, each Warden shall identify in writing that personal property which may be retained by an inmate in addition to that personal property which has been approved by the Director for retention at all institutions.**

a. **Summary of Changes.**  This revision includes the following:

progstat                                1

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13596026

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

( EXHB;-B, P.2 )

criminal prosecution, the hard contraband shall be destroyed as provided in paragraph (b)(2)(v) of this section. Written documentation of the destruction shall be maintained for at least two years.

(d)  Staff may not allow an inmate to possess funds in excess of established institutional limits. Staff shall deliver to the cashier any cash or negotiable instruments found in an inmate's possession which exceed the institution's

allowable limits. Funds determined to be contraband shall be confiscated for crediting to the U.S. Treasury.

All cash and negotiable instruments in the possession of inmates is unauthorized.

Cash and negotiable instruments that were inadvertently delivered to the inmate via the mail and are immediately turned over to staff shall be returned to the mail room to be processed in accordance with the Program Statement **Correspondence**.

All other cash and negotiable instruments found in the inmates possession shall be processed as contraband. The cash and negotiable instruments shall be turned over to the cashier.

(1)  Where disciplinary action against the inmate is appropriate, staff shall delay final disposition of the funds until such action (including appeals) is completed.

(2)  Prior to a decision on the disposition of funds, staff shall allow the inmate a reasonable amount of time to prove ownership.

6.  **INMATE TRANSFER BETWEEN INSTITUTIONS AND INMATE RELEASE**

§ 553.14  Inmate transfer between institutions and inmate release.

(a)  Except as provided for in paragraphs(a)(1) through (3) of this section, authorized personal property shall be shipped by staff to the receiving institution.

(1)  The Warden ordinarily shall allow an inmate transferring to another institution to transport personal items determined necessary or appropriate by staff and, if applicable, legal materials for active court cases.

(2)  The Warden may require or allow an inmate who is transferring to another institution under furlough conditions to transport all the inmate's authorized personal property with him or her.

(3)  An inmate who is being released or who is transferring to a Community Corrections Center may arrange to ship personal property at the inmate's

progstat                                    12

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

( EXHB. -B, P. 3 )

expense. The inmate is responsible for transporting any personal property not so shipped.

**(b)** If the inmate's personal property is not authorized for retention by the receiving institution, staff at the receiving institution shall arrange for the inmate's excess personal property to be mailed to a non-Bureau destination of the inmate's choice. The inmate shall bear the expense for this mailing.

**(c)** Whenever the inmate refuses to provide a mailing address for return of the property or, when required, refuses to bear the expense of mailing the property, the property is to be disposed of through approved methods, including destruction of the property.

This property determination is to be made in the receiving institutions R&D unit when the inmates property is processed (i.e., inventoried) in the inmates presence. Bureau institutions will accept for each inmate the property approved in this Program Statement as authorized for retention and transfer between Bureau institutions. Staff will adhere to the procedures that follow with respect to an inmates property while he or she is in transfer between institutions.

d.  Sending institution staff will ship authorized property of inmates transferring via bus, van, or airlift directly to receiving institutions. Ordinarily, no more than two boxes of property, size 14" x 14" x 19", will be shipped at government expense for each inmate. The inmate may elect to pay for expenses related to the shipment of authorized personal property beyond the two boxes.

Institutional clothing and shoes for an inmate with special needs (large sizes, small sizes, orthopedic designs, orthopedic shoes, appliances, clothing, insulin testing kits, etc.), may be shipped at government expense in addition to the two-box maximum when the inmate transfers to another Bureau institution. All other Bureau-issued clothing will not be transferred.

Property of inmates transferring on furlough will also be handled in this same manner.

Legal property will be exempt from this two-box limit.

e.  Bureau buses and vans will accept two standard size (14" x 14" x 19") boxes for transport with the inmate when the same bus or van delivers the inmate to the final destination. This shipment will be in lieu of the two boxes which would normally be mailed at government expense.

f.  Essential Daily Prayer items, as authorized by the Warden, must be delivered to transporting officials upon the inmates removal. The inmate is responsible for production of the items, in the authorized container (authorization affixed by Chaplain), to the R&D Officer. The items will be

progstat                                    **13**

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13596026

( EXHB.-B, P.4 )

institutions and permitted for transfer between institutions.

This includes any medical device which is either issued or approved by the Health Services Unit (HSU) prior to it being added to the inmate's personal property list.

Should an inmate transfer to another institution, this property may be sent along with the inmate or his or her property at the discretion of the sending and receiving institutions' Wardens.

While the institution may set a limit on the number of specific items that the inmate may retain, this limit may not exceed the capacity of the local specified area or container designated for inmate clothing.

a. **Additional Property Items.** The Warden must approve any item of inmate property not found in Attachment A and then only for local and short-term retention.

Items that are added to an inmates property list may vary by institution due to climatic, cultural, or other reasons.  All such property will be clearly identified when sold at Commissary as for local use only.

Property approved for local use will be mailed home at the inmates expense upon transfer or release.  If abandoned by the inmate, the property will be disposed of in accordance with the Program Statement **Property Management Manual,** Chapter 11, sec. 2.

Examples of items identified for possession at the Wardens discretion are listed in Attachment A.

b. **Personal Property Record.**  A copy of the Inmate Personal Property Record (BP-A0383) will be given to the inmate during the initial property inventory or any subsequent inventory.  This form and/or a commissary receipt constitutes proof of ownership, not proof of value.

c. **Inmate Property Inventory Records.**  The BP-A0383 will be used to inventory all inmate property except when:

> The Authorization to Receive Package or Property (BP-A0331) will be used to inventory release clothing received from an outside source.

> The Warden elects to use a local form instead; for instance, when an inmate moves from Administrative Detention to Disciplinary Segregation or from Disciplinary Segregation to Administrative Detention.

Regardless of the form used, a written record of that inventory will be retained in the Special Housing Unit (SHU) for at least two years.  A copy of the Inmate Personal Property Record form will also be kept in the Inmate Central File.

The Request-Authorization to Mail Inmate Package (BP-329), must be used to inventory property which is authorized for retention, but not authorized for shipment at Bureau expense (the inmate incurs the cost of mailing).

progstat                                          7

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13596026

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

[EXHIBIT-C]

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

ANTHONY L. FLETCHER,
    PLAINTIFF,

    V.                                    CASE NO.
                                          23-CV-1054
RANDOLF COUNTY SHERIFF
JARROD PETERS, ET AL.
    DEFENDANTS.

COURT NOTICE FOR STATUS REQUEST
AND REQUEST FOR DIRECT
RULING ON PLAINTIFFS 10/8/2024
MOTION FOR ORDER OF DEFAULT
AND CONTEMPT OF COURT PURSUANT
TO FED. RULE CIV. PROCEDURE 37

NOW COMES plaintiff ANTHONY L. FLETCHER AND HEREBY
GIVE NOTICE TO THE COURT AND All RELEVENT PARTIES IN
THIS CAUSE OF HIS FORMAL REQUEST FOR A DIRECT
RULING ON HIS 10/8/2024 MOTION FOR ORDER OF DEFAULT
AND CONTEMPT OF COURT FOR DEFENDANTS DELIBERATE
FAILURE TO MAKE DISCLOSURE OR [CO-OPERATE] IN DISCOVERY
IN VIOLATION OF FEDERAL RULE OF CIVIL PROCEDURE
37 (a)(3)(B)(iv), AND (a)(4); AND (b)(2)(A)(i-vii)
AND IN SUPPORT THEREOF STATES THE FOLLOWING:

1. ON SEPTEMBER 4, 2024 THIS COURT ORDERED THE
DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION

TO COMPEL DISCOVERY ON OR BEFORE 9/16/2024.

2. ON 9/27/2024 PLAINTIFF RECEIVED DEFENDANTS RESPONSE TO PLAINTIFFS REQUEST TO PRODUCE DISCOVERY. (DKT. # 49-1)

3. ON 10/8/2024 PLAINTIFF FILED MOTION FOR ORDER OF DEFAULT AND CONTEMPT OF COURT FOR FAILURE OF THE DEFENDANTS TO DISCLOSE OR CO-OPERATE IN DISCOVERY BY [EVASIVE] AND [DELIBERATE] ACTS WHICH HAVE [IN WHOLE] DENIED DISCOVERY TO THE PLAINTIFF IN THIS CAUSE IN VIOLATION OF FEDERAL RULES OF CIVIL PROCEDURE RULE 37 (A) (3)(B)(iv), (a)(4), AND (b)(2)(A)(i-vii).

4. WHEREBY, FROM 10/8/2024 - TO- DATE THIS COURT HAS FAILED TO MAKE RULING ON PLAINTIFFS 10/8/2024 MOTION FOR ORDER OF DEFAULT AND CONTEMPT OF COURT, AS STATED ABOVE, AND DEFENDANTS HAVE FURTHER FAILED TO MAKE ANY DISCOVERY DISCLOSURES [WHAT-SO-EVER] IN THIS CAUSE.

WHEREFORE, FOR THE AFORESAID, REASONS PLAINTIFF HEREBY REQUEST 1) A DIRECT RULING ON PLAINTIFF'S MOTION FOR ORDER OF DEFAULT AND CONTEMPT FILED ON 10/8/2024, 2) AND A STATUS REPORT IN THIS CAUSE.

RESPECTFULLY SUBMITTED

PLAINTIFF

11/16/2024
DATE

2

# AFFIDAVIT

PURSUANT TO 28 USC, SECTION 1746, UNDER PENALTIES AS PRESCRIBED BY LAW, PLAINTIFF HEREBY CERTIFIES THAT HE IS THE MAKER OF THE FOREGOING "COURT NOTICE FOR STATUS REQUEST AND REQUEST FOR DIRECT RULING," AND THAT THE INFORMATION CONTAINED THEREIN IS TRUE & CORRECT TO THE BEST OF HIS KNOWLEDGE AND BELIEF.

11/16/2024
DATE

PLAINTIFF

## CERTIFICATE OF SERVICE

PURSUANT TO 28 USC, SECTION 1746, UNDER PENALTIES AS PRESCRIBED BY LAW, PLAINTIFF HEREBY CERTIFIES THAT HE HAS SERVE A COPY OF THE FOREGOING DOCUMENT TO All RELEVENT PARTIES BY FOREWARD THE SAME THROUGH THE U.S. MAIL SERVICE, IN A PREPAID ENVELOPE AT WILLIAMS BURG F.C.I, TO UNITED STATES DISTRICT COURT CLERK LOCATED AT 750 MISSOURI AVE, EAST ST. LOUIS, IL. 62201 ON / /2024.

/ /2024
DATE

PLAINTIFF

[EXHIBIT-D]

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

ANTHONY L. FLETCHER,
        PLAINTIFF,

        V.                                    CASE NO.
                                              23-CV-1054
RANDOLFF COUNTY SHERIFF
JARROD PETERS, ET AL,
        DEFENDANTS.

MOTION FOR ORDER OF
D E F A U L T
AND CONTEMPT OF COURT
FOR FAILURE TO MAKE DISCLOSURE
OR COOPERATE IN DISCOVERY IN
VIOLATION OF FED. R. CIV. P. 37(a)
(3)(B)(iv), 2ND (a)(4); 2ND(b)(2)(A)(i-Vii)

NOW COMES PLAINTIFF, IN THE PROPER PERSON OF
ANTHONY L. FLETCHER, AND HEREBY MOVES THIS COURT,
PURSUANT TO FED. R. CIV. P. 37 (a)(3)(B)(iv),(2)(4), 2ND
(b)(2)(A)(i-Vii), FOR AN ORDER OF CONTEMPT OF COURT
2ND AN ORDER OF DEFAULT AGAINST THE DEFENDANTS
IN THIS CAUSE: FOR AN [EVASIVE] AND DELIBERATE
FAILURE OF DEFENDANTS TO DISCLOSE[OR]PROVIDE
ANY OF THE REQUESTED DISCOVERY TO THE PLAINTIFF
WHAT-SO-EVER AS ORDERED BY THIS COURT AND
IN SUPPORT THEREOF STATES THE FOLLOWING:

1. ON May 16, 2024, PLAINTIFF FILED HIS SECOND MOTION FOR DISCOVERY DISCLOSERS WHICH DEFENDANTS RECEIVED ON May 31, 2024

2. ON SEPTEMBER 4, 2024 THIS COURT ORDERED DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION MOTION TO COMPEL DISCOVERY ON OR BEFORE 9/16/2024.

3. ON 9/27/2024 PLAINTIFF RECEIVED "DEFENDANTS RESPONSE TO PLAINTIFF'S REQUEST TO PRODUCE" DISCOVERY. (DKT. # 49-1)

4. PLAINTIFF HEREBY AVERS THAT THE ABOVESAID "DEFENDANTS RESPONSE TO PLAINTIFF'S REQUEST TO PRODUCE" IS [NO]THING MORE THAT AN ACT OF SUBTERFUGE AND A [EVASIVE] INADEQUATE RESPONSE WHICH HAS LED TO [ABSOLUTELY] [NO] DISCOVERY DISCLOSER BY THE DEFENDANTS [WHAT-SO-EVER] AS REQUESTED[BY] THE PLAINTIFF: WHICH HAS VIOLATED FEDERAL RULES OF CIVIL PROCEDURE RULE 37 (a)(3)(B)(iv), (a)(4), AND (b)(2)(A)(i-vii).

5. WHEREBY PLAINTIFF HEREBY REQUEST THIS COURT TO ORDER THE DEFENDANTS BE FOUND IN DEFAULT AND CONTEMPT OF THE COURTS SEPTEMBER 4, 2024 ORDER TO RESPOND TO PLAINTIFF'S REQUEST

2

FOR DISCOVERY, AND TO TREAT DEFENDENT'S [EVASIVE] RESPONSE TO [All] Plaintiff's DISCOVERY REQUEST (DKT # 49-1) as a [FAILURE] TO DISCLOSE AND a Failure TO comply WITH THIS COURTS 9/4/2024 ORDER as PROVIDED BY FED. R. CIV. P. (a)(4) and (b)(2)(A)(i - Vii).

WHEREFORE FOR THE AFORESAID REASONS Plaintiff REQUEST A JUDEMENT OF DEFAULT and CONTEMPT AGAINST THE DEFENDENTS IN THIS CAUSE PURSANT TO FEDERAL LAW.

AND FOR ANY FURTHER RELIEF THAT THIS COURT DEEMS NECCESSARY.

RESPECTFULLY SUBMITTED

10/8/2024
DATE

3

AFFIDAVIT

PURSUANT TO 28 U S C, SECTION 1746,
UNDER PENALTIES as PRESCRIBED BY LAW,
Plaintiff HEREBY CERTIFIES THAT HE IS THE
MAKER OF THE FOREGOING " MOTION FOR ORDER
OF DEFAULT and CONTEMPT, AND THAT THE
INFORMATION CONTAINED THEREIN IS TRUE and
CORRECT TO THE BEST OF HIS KNOWLEDGE
and BELIEF.

PLAINTIFF

10/8/2024
DATE

[EXHIBIT- E]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

ANTHONY L. FLETCHER,                        CASE NO.
        PLAINTIFF,                          23-CV-1054
    V.

SHERIFF JERROD PETERS, ETAL.,
        DEFENDANTS.

## FORMAL OBJECTION

TO DEFENDANTS PROPOSED
REQUEST FOR DISMISSAL OF All
CLAIMS TO PLAINTIFF'S LAWSUIT
IN EXCHANGE FOR A TRANSFER OF
PLAINTIFF'S PROPERTY PURSUANT TO
F.B.O.P. PROGRAM STATEMENT NO.
5580.08 SECTION 553.14

ON 7/16/2024, PURSUANT TO THE COURTS 6/18/2024
ORDER, DEFENDANT'S SUBMITTED A PROPOSED RESOLUTION
(EXHIBIT-A) WHICH IN RELEVENT PART STATES THAT:

"DEFENDANTS ARE [willing] TO SHIP THE BOXES, OF
PLAINTIFF'S PROPERTY, TO PLAINTIFF AT [THE SHERIFF'S]
EXPENSES (SEE F.B.O.P. PROGRAM STATEMENT 5580.08
SECTION 553.14 (b) (c) (d) ), AT THE place OF
PLAINTIFF'S CURRENT INCARCERATION ... 'IF PLAINTIFF
CAN OBTAIN PRIOR [WRITTEN] APPROVAL FROM THE

FEDERAL BUREAU OF PRISONS Allowing Him TO RECIEVE
THE PROPERTY AT ISSUE... IN "EXCHANGE FOR a
DISMISSAL OF [All] Claims IN THIS LAWSUIT and
a COMPLETE RELEASE OF RELEASE OF All CLAIMS
RELATED TO PLAINTIFF'S PROPERTY AT RANDOLFF
COUNTY JAIL; and "NO ADMISSION OF LIABILITY,
WRONGDOING, OR FAULT ON BEHALF OF DEFENDANTS
IN THIS CAUSE" (EXHIBIT-A, PROPOSAL #2), (Also SEE
EXHIBIT- ● B)

IN THE ABOVESAID 7/16/2024 PROPOSED ORDER
BY DEFENDANTS IN THIS CAUSE (EXHIBIT-A
PROPOSE ORDER # 1), DEFENDANTS PROPOSE TO
RELEASE [20]-OR- APPROXIMATELY [20] BOXES
OF PLAINTIFF'S PROPERTY TO a THIRD PARTY
INDIVIDUAL.

CONVERSLY, IN DEFENDANTS INITIAL DISCOVERY
DISCLOSURES (EXHIBIT- #1) DEFENDANTS [ADMITTEDLY]
STATE THAT PLAINTIFF [ARRIVED] AT THE RANDOLFF
COUNTY JAIL WITH APPROXIMATELY [27] BOXES OF
PROPERTY ON DECEMBER 16, 2023.

DEFENDANTS Also "FAILED' [and ABDICATED] THEIR
DUTY TO CONDUCT a COMPLETE [INVENTORY] OF
PLAINTIFF'S COUNTY JAIL [INTAKE] FEDERAL DETAINEE
PROPERTY PURSUANT TO THE Illinois COUNTY JAIL
STANDARDS [and] FEDERAL BUREAU OF PRISON'S
CONTRACT AGREEMENT PURSUANT TO PROGRAM

2

STATEMENT NO. 5580.08, SECTION 553.14
(3)(C)(d)    (EXHIBIT- B)

WHEREBY, PLAINTIFF'S CLAIMS FOR CONSEQU-
ENTIAL, ACTUAL, and PUNITIVE DAMAGES
CURRENTLY [STAND] and ~~are~~ JUSTIFIED IN
THE INTEREST OF FUNDAMENTAL FAIRNESS,
EQUAL PROTECTION and DUE PROCESS OF
LAW IN THE INTEREST OF THE [DUE] COURSE
OF JUSTICE UNDER THE LAW. (SEE REQUEST
FOR DAMAGES - ATTACHED )

PLAINTIFF AVERS, THAT DEFENDANTS' SHIPPING
OF PLAINTIFF [ENTIRE] [27] BOXES OF LEGAL,
INTELLECTUAL and PERSONAL PROPERTY TO THE
PLAINTIFF'S CURRENT place OF INCARCERATION,
AT THE SHERIFF'S EXPENSE, [IS] THE " PRIOR
[WRITTEN ] APPROVAL, [a ND] CONGRESSIONAL
AUTHORITY [DIRECTLY] FROM THE FEDERAL BURAEU
OF PRISONS PURSUANT TO PROGRAM STATEMENT
5580.08, SECTION 553.14 (3)(C)(d)(EXHIBIT-
#1) OF WHICH DEFENDANTS REQUESTED IN
THEIR 7/16/2024 PROPOSED RESOLUTION (EXHIBIT-
A ).

DEFENDANT'S 7/16/2024 PROPOSED RESOLUTION
[TACITLY ] IMPLIES THAT THERE'S [APPROXIMATELY]
7 BOXES OF THE PLAINTIFF'S PROPERTY MISSING,
OR OTHERWISE [NOT ] "ACCOUNTED FOR" FROM

3

THE [27] BOXES THAT WERE CONFIRMED
BY DEFENDANTS MARCH 14, 2024 'INITIAL
DISCOVERY DISCLOSURES (EXHIBIT #1) — TO —
THE DEFENDANTS 7/16/2024 PROPOSED
RESOLUTION (EXHIBIT — A).

WHEREBY, AN 'IMPLIED [INJURY] OF [ADDTIONAL]'
PROPERTY LOSS IS THUS INDICATED BY THE
DEFENDANTS, IN ABDICATION OF THE DE-
FENDANT'S [INVENTORY] AND SHIPPING
PROCESSES DUE IN VIOLATION OF THE UNITED
STATES CONSTITUTION 5TH AND 14TH AMEND-
MENTS, AND FEDERAL BUREAU OF PRISONS PROGRAM
STATEMENT NO. 5580.08, SECTION 553.14(C)(d):
WHICH NECESSITATES THE 'AWARD OF DAMAGES'
FOR THE [APPROXIMATELY] [7] BOXES OF
PROPERTY LOSS AND A DEPRIVATION OF
PROPERTY, BY DEFENDANTS, WITHOUT DUE PROCESS
AND EQUAL PROTECTION OF LAWS (5TH AMEND-
MENT U.S. CONSTITUTION), IN CONSEQUENTIAL,
ACTUAL, AND PUNITIVE DAMAGES BY SETTLE-
MENT OR TRIAL IN THIS CAUSE.

WHEREBY, THE PLAINTIFF [FORMALLY OBJECTS']
TO [ANY] DISMISSAL OF CLAIMS WHAT-SO-
EVER IN THIS CAUSE OF LAWSUIT AGAINST
THE DEFENDANTS AS STATED IN THEIR
7/16/2024 PROPOSE RESOLUTION (PARA #2),

4

AND WHOLELY REJECTS THE PROPOSED RESOLUTION OF PARAGRAPH No. 1. (EXHIBIT-A, PARA. #1)

## CONCLUSION

WHEREFORE, PLAINTIFF HEREBY REQUEST THAT FOR THE AFORESAID REASON THE COURT SHALL ORDER THE DEFENDANTS AND PLAINTIFF RESUME [DISCOVERY] DISCLOSURES AND PROCEED WITH DAMAGE SETTLEMENT NEGOTIATIONS, OR PROCEED TO TRIAL ON THE MERITS IN THIS CAUSE IN LIGHT THE [ADDITIONAL] PROPERTY LOSS, AS IMPLICATED BY DEFENDANTS AS STATED ABOVE.

AND FOR ANY FURTHER RELIEF THE COURT DEEMS PROPER.

PLAINTIFF

7/26/2024
DATE

5

*( EXHIBIT - #1 )*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY FLETCHER,                       )
                                        )
    Plaintiff,              )
                                        )
    vs.                     )        Case No.: 23-cv-01054-SPM
                                        )
SHERIFF JARROD PETERS, OFFICER RYAN     )
COFFEE, OFFICER JASON JUENGER, and      )
OFFICER CHRIS GEISEN,                   )
                                        )
    Defendants.             )

## DEFENDANTS' INITIAL DISOVERY DISCLOSURES

Defendants Sheriff Jarrod Peters, Officer Ryan Coffee, Officer Jason Juenger, and Officer

Chris Geisen, by their attorney, Bhairav Radia, and, pursuant to this Court's scheduling order of

January 19, 2024, hereby provide their initial disclosures:

**1.  Incident reports:**

See documents produced as RC 14-21.

**2.     Grievances, along with any responses or other related materials, such as grievance logs and counselor's notes:**

See documents produced as RC 1-13.

**3.     Disciplinary tickets, along with any documents related to the resolution of the tickets:**

Not applicable. Defendants know of no relevant records.

**4.     Plaintiff's cumulative counseling summary or other log of interactions with staff during the relevant time:**

Not applicable. See documents produced as RC 1-28.

**5. Shakedown slips;**

Not applicable. Defendants know of no relevant records.

**6. Reports and/or statements of persons with knowledge of the incident:**

See documents produced as RC 1-28.

    **7.   Names of persons with knowledge of the incidents and a short description of the subject of their knowledge, to the extent this information is not included in the documents produced to plaintiff:**

Sheriff Jarrod Peters (to be contacted through undersigned counsel) has information about the jail's policies and procedures, his involvement in the matters alleged in plaintiff's complaint, the property that plaintiff allegedly had at the jail, the storage of same, communications relating to the logistical impossibility for plaintiff's property to be provided to him, and communications relating to the inability for Mr. Fletcher's property to be taken to federal prison.

Chief Deputy Ryan Coffey (to be contacted through undersigned counsel) has information about the jail's policies and procedures, his involvement in the matters alleged in plaintiff's complaint, the property that plaintiff allegedly had at the jail, the storage of same, communications relating to the logistical impossibility for plaintiff's property to be provided to him, and communications relating to the inability for Mr. Fletcher's property to be taken to federal prison.

Jason Juenger (to be contacted through undersigned counsel) has information about his involvement in the matters alleged in plaintiff's complaint, policies and practices at the Randolph County Jail, and distribution of plaintiff's property to him.

Christopher Geisen (to be contacted through undersigned counsel) has information about his involvement in the matters alleged in plaintiff's complaint, policies and practices at the Randolph County Jail, and plaintiff's refusal to take inventory of his property.

Jason Batson (U.S. Marshalls Service) has information about conversations with plaintiff during which he was told he needed to contact someone to store his property, issues with property transportation, and property allowed by the Bureau of Prisons.

                      Respectfully submitted,

                      **SHERIFF JARROD PETERS, RYAN COFFEY, JASON JUENGER, and CHRIS GEISEN**

                    By:   *s/Bhairav Radia*
                          One of the Defendants' Attorneys

Bhairav Radia, #6293600
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: (847) 291-0200
Email: bradia@ifmklaw.com

THIS DOCUMENT IS INTENDED TO SERVE AS AN ALL-ENCOMPASSING RESPONSE TO 3 GRIEVANCES
DATED AS FOLLOWS; 12/17/2022, 12/18/2022, 12/23/2022 AND ANOTHER NOT DATED – FILED BY

On Tuesday December 27, 2022, I, Randolph County Sheriff Chief Deputy Ryan Coffey, did receive two
grievances from Anthony Fletcher (Federal Detainee).

The first, dated 12/23/2022, received by Correctional Officer Ed Braun at 4:07pm, was entitled "Appeal
of Grievance (Unanswered)". The subject of this grievance pertained to the four previous grievances
Fletcher had filed indicating that those grievances were unanswered.

On Wednesday, December 28, 2022, I met with A. Fletcher. Also present was CO Rock, CO Usher, and CO
Trainee Hanks. I explained to Fletcher that his grievance designated as an appeal was in fact answered,
when he, Sheriff Peters and I met with him two days following his arrival and went through the
commissary items. We discussed in detail what he could take and what would be discarded and what
would remain in storage until he found a place for those items to be shipped.

Fletcher indicated that he wanted his sweetener. I indicated that I didn't recall sweetner, but that it may
have been discarded due to it not being in its original packaging. Fletcher said that he is being denied his
other personal property. I referred Fletcher to our previous conversation on Friday December 23, 2022,
in which I told Fletcher he would be allowed access to organize his property and create a list of items he
wished to have. I reminded Fletcher that I told him at that time that I would meet with him the following
week to discuss the items he was requesting. Fletcher disputed nearly all of the content of our
December 23, 2022 conversation. Fletcher said that we were violating his rights by refusing him access
to his property. I reminded Fletcher yet again that this facility does not accept personal property and
that Pinkneyville Prison never should have transferred the volume of personal property to begin with.

I again explained that it was logistically impossible to provide him with his approximately 27 boxes of
property. I again told Fletcher that this facility cannot house this amount of property, we simply do not
have the room.

I again told Fletcher that he is now a federal detainee and that none of the property would be going with
him to Federal Prison and that it is imperative that he find a place or person to ship this property.

Fletcher argued that he would be taking his property to federal prison and that we were violating his
rights.

I again reiterated to Fletcher that while he was housed in this facility we would provide him with his
property as needed, provided it was not inconsistent with our policies and practices. Fletcher continued
to be argumentative and demanded his property. I told him that we would make arrangements over the
next few days for him to go through the property. This would require scheduling in advance, so that this
escort could be staffed. He would then be given an opportunity to identify what he wanted and that we
would make the decision once we identified the material in the individual boxes.

On December 29, 2022, I received word that, while I was away from the office, that Sheriff Peters met
with Fletcher and provided him access to certain items located in his property. A list of those items was
created and placed in Fletcher's file.

END.

Chief Deputy M. Ryan Coffey #7902

**RC 12**

12/20/2022

Disposition of Grievances filed by Federal Detainee [redacted]

On Monday, December 19, 2022, I, Randolph County Chief Deputy Ryan Coffey, did receive four grievances filed by Federal Detainee Anthony Fletcher.

Fletcher arrived at our facility on Friday, December 16, 2022 as a Federal Detainee, transfer from the Illinois Department of Corrections – Pinkneyville.

Upon arrival, IDOC transportation officers turned Fletcher over along with approximately 27 boxes of Fletcher's personal property. This facility is not equipped to house this volume of personal property. I met with Fletcher and informed him of this issue. Through our conversation, Fletcher stated that the food could be disposed of or given away, but the "intellectual material, religious material, and legal material was vitally important. Fletcher indicated that he had no one to ship the property to or to pick the property up. I informed him that the Federal prison system, when he is transferred, would likely not except any of this material.

All of the property was moved temporarily to an unoccupied single cell for safe keeping until it could be examined and it could be in part, if any, disseminated to Fletcher.

On December 19 & 20, 2022, I, and Sheriff Peters met with Fletcher regarding his grievances. All four of the grievances pertained to acquiring his property. We informed Fletcher that we could provide him with the following items at this time.

1. Any unopened/sealed food containers already authorized on our commissary list could be issued to him in quantities consistent with our rules. The bulk of those authorized items would be kept and issued to him as needed.
2. His bible would be retrieved and provided to him.
3. We would provide him access to his legal documents at our earliest convenience (provided it can be staffed).
4. "Intellectual material" would be held until we established a dialog with the U.S. Marshall Service.

On December 20, 2022, Fletcher, Sheriff Peters, and I went through the food items and issued him his first round of items to take back to his cell. The remaining items (unauthorized, opened) were either held back and/or disposed of. Arrangements were then made for Fletcher to be given his bible at that time, with a later time to review legal mail.

END.

*M. Ry Cff*

Chief Deputy M. Ryan Coffey

**RC 13**

REQUEST FOR
DAMAGES

# REQUEST FOR
# DAMAGES

PLAINTIFF HEREBY REQUEST THE COURT TO ORDER THE FOLLOWING RELIEF IN DAMAGES FROM THE DEFENDANTS IN THIS CAUSE FOR INJURIES SUFFERED BY THE PLAINTIFF FOR UNCONSTITUTIONAL DEPRIVATION, AND LOSS OF PROPERTY WITHOUT DUE PROCESS OR EQUAL PROTECTION OF LAWS:

# DAMAGES

RANDOlFF COUNTY
SHERIFF DEFENDANTS:

JARROD PETERS
Ryan COFFEE
JASON JUENGER
CHRIS GEISEN

## ACTUAL DAMAGES

PROPERTY LOSS    $-\$2,000.00$

DEPRIVATION OF
INTELLECTUAL PROPERTY $-\$10,000.00$

## CONSEQUENTIAL DAMAGES

THEFT AND UNLAWFUl ACCESS TO
INTELLECTUAL PROPERTY  $-\$2,000,000.00$

## PUNITIVE DAMAGES

$\$25,000.00$

TOTAL DAMAGES $= \$2,037,000.00$

[ EXHIBIT-F ]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

ANTHONY L. FLETCHER,
    PLAINTIFF,

V.

SHERIFF JERROD PETERS, ETAL.,
    DEFENDANT

CASE NO.
23-CV-1054

## MOTION FOR DISQUALIFICATION OF JUDGE
## FOR CAUSE OF ABUSE OF PROCESS

NOW COMES PLAINTIFF, IN THE PROPER PERSON OF ANTHONY L. FLETCHER, AND PURSUANT 28 USC, SECTION 455 HEREBY MOVES THIS COURT FOR ORDER OF A SUBSTITUTION OF JUDGE STEPHEN P. McGLYNN IN THIS CAUSE FOR ABUSE OF: THE FEDERAL RULES OF DISCOVERY PURSUANT TO F.R.CIV.P. RULE 26; 2) THE FEDERAL BUREAU OF PRISONS PROGRAM STATEMENT 5580.08; 3) THE ILLINOIS COUNTY JAIL STANDARDS; 4) FED.R.CIV.P. RULE 60(b)(3) IN A CAMPAIGN OF ABUSE OF PROCESS AGAINST THE PLAINTIFF, AND FLAGRANT PARTIALITY AGAINST THE PLAINTIFF; AND PERSONAL BIAS AND PREJUDICE IN FAVOR OF THE RANDOLFF COUNTY DEFENDANTS IN THIS CAUSE AT THE 6/18/2024 STATUS HEARING IN THIS CAUSE AND IN SUPPORT THEREOF STATES THE FOLLOWING:

## INTRODUCTION

1. ON JANUARY 1, 2023 plaintiff FILED a CIVIL RIGHTS Complaint PURSUANT TO 42 USC, SECTION 1983 AGAINST THE DEFENDANTS IN THIS Cause WITH THE Clerk of THE RANDOLFF County CIRCUIT COURT THROUGH THE UNITED STATES MAIL SERVICE at THE RANDOLPH COUNTY JAIL. (EXHIBIT-A, P.1)

2. ON MARCH 1, 2023 RANDOLFF County Circuit CLERK FILED plaintiff's 1/1/23 CIVIL RIGHTS Complaint IN a [INORDINATE] Delay of a Full 60 DAYS AFTER THE ORIGINAL Filing of plaintiff's January 1, 2023 CIVIL RIGHTS Complaint Against THE DEFENDANTS IN THIS Cause. (EXHIBIT-A, P.2)

3. ON 3/1/2023 Said Clerk Also FILE plaintiffs MOTION TO PROCEED INFORMA PAUPERIS and HABEAS CORPUS Ad TESTIFICANDUM IN THE RANDOLFF CIRCUIT COURT. (EXHIBIT-A P.3)

4. ON March 30, 2023 DEFENDANTS [REMOVED] Said RANDOLFF COUNTY CIRCUIT COURT CIVIL RIGHT Complaint TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT of Illinois (DKT.#1) and PAYED THE Full $402.00 Filing FEE.

5. WHEREBY, FROM MARCH 30, 2023 - TO - DATE JUDGE STEPHEN P. McGlynn HAS FAILED Rule OR HEAR, OR Allow THE [INDIGENT] plaintiff IN THIS Cause TO PROSECUTE THIS Case INFORMA PAUPERIS WHICH HAS INJURED

2

THE STATUTORY FEDERAL PRISON LITIGATION REFORM ACT RIGHTS OF THE PLAINTIFF PURSUANT TO 28 USC, 1915(g) IN THIS CAUSE OF ACTION.

6. ON MARCH 30, 2023 JUDGE S.P. McGLYNN ENTERED AN ORDER TO CONDUCT A MERIT REVIEW IN THIS CAUSE PURSUANT TO 28 USC, SECTION 1915(A).

7. FROM 3/30/2023-THRU-1/11/2024 SAID JUDGE[STAGNATED] IN AN INORDINATE DELAY OF THE MERIT REVIEW PROCESS FOR OVER TEN MONTHS.(SEE DKT.# 20)

8. ON 1/11/2024 THE COURT ENTER A MERIT REVIEW ORDER RULING THAT PLAINTIFF'S COMPLAINT WAS PROPERLY REMOVED TO THE FEDERAL DISTRICT COURT [AND] THAT PLAINTIFF'S CLAIM (COUNT-6) SURVIVED PRE-LIMINARY/MERIT REVIEW PURSUANT TO 28 USC, SECTION 1915A (SEE DKT.#22 P.10)

9. ON (OR ABOUT) 3/03/2024 PLAINTIFF FILED A MOTION FOR ORDER OF A TRANSFER OF PROPERTY (DKT.#29) PURSUANT TO THE FEDERAL BURAEU OF PRISONS PROVISIONS IN PROGRAM STATEMENT #5580.08, SECTION 553.14 (SEE EXHIBIT B, P.1-4) (DKT.#29): WHICH WAS DENIED BY JUDGE McGLYNN ON 3/19/2024 IN AN ACT OF [TACIT] PARTIALITY ON BEHALF OF THE DEFENDANTS IN THIS CAUSE. (DKT-#30)

3

10. ON 5/22/2024 SAID COURT ORDERED A STATUS CONFERENCE FOR 6/18/2024 AT 10:30 A.M. (DKT.# 37) DISCUSS ISSUES RELATED TO [DISCOVERY] AND TO PLAINTIFF'S MOTION FOR RECONSIDERATION, AFTER THE DENIE[IN PARTIALITY] OF PLAINTIFF'S MOTION FOR ORDER OF TRANSFER OF PROPERTY (DKT.# 33) (ALSO SEE DKT.# 29).

## Rule 60(b)(3) FRAUD, HARASSMENT, INTIMIDATION, and JUDICIAL [PARTIALITY] AGAINST THE PLAINTIFF BY JUDGE STEPHEN P. MC GLYNN

11. ON 6/18/2024 JUDGE STEPHEN P. MCGLYNN CONDUCTED THE ABOVESAID STATUS HEARING VIA ZOOM VIDEO CONFERENCE and COMMITTED THE FOLLOWING ACTS WHICH CONSTITUTE FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b)(3) FRAUD, HARASSMENT, INTIMIDATION, and JUDICIAL [PARTIALITY] AGAINST THE PLAINTIFF BY:

A) ATTEMPTING TO [COERCE] THE PLAINTIFF INTO ALLOWING THE DEFENDANTS [AND THIRD PARTY] PERSONS TO UNLAWFULLY SEARCH THROUGH AND RAMBLE THROUGH PLAINTIFF'S [LEGAL AND PERSONAL] PROPERTY [OUTSIDE] THE PRESENCE OF THE PLAINTIFF IN VIOLATION OF F.B.O.P. PROGRAM STATEMENT 5580.08 SECTION 553.14 (EXHIBIT-B, P.3).

B) PERSONALLY, FLAGRANTLY, AND WITH BLATANT PARTIALITY AND OFFICIAL ANIMUS STATING DIRECTLY TO THE PLAINTIFF: THAT "IT'S NOT GOING TO HAPPEN"; IN THAT DEFENDANT'S SHIPPING PLAINTIFF'S [ILLEGALLY] WITHELD PROPERTY "WAS NOT GOING TO HAPPEN"; AND

4

THAT [DEFENDANTS] PROPOSAL TO INSPECT AND RAMBLE THROUGH PLAINTIFF'S LEGAL AND PERSONAL PROPERTY [OUTSIDE] THE PRESENCE OF THE PLAINTIFF WAS REASON- ABLE; AND THAT PLAINTIFF'S OPEN OBJECTION TO DEFENDANT'S [ILLEGAL] SEARCH THROUGH HIS PROPERTY WAS BILACOSE AND [UN]REASONABLE. (SEE EXHIBIT-B, P.3)

12. PLAINTIFF AVERS THAT THE ABOVESAID ACTS AND STATEMENTS DIRECTLY FROM JUDGE STEPHEN P. McGLYNN ON 6/18/2024 CONSTITUTE [BLATANT **PARTIALITY**], 2) RULE 60(b)(3) [FRAUD] AGAINST THE UNITED STATES DISTRICT COURT, BY TACIT DECEPTION, [BY] JUDGE STEPHEN P. McGLYNN IN FLAGRANT [MISREPRESENTATION] OF A [IMPARTIAL] JUDICIAL MEDIATOR: FOR THE PURPOSE TO ALTER, **BY DECEPTION**, AND UNLAWFUL JUDICIAL **MANIPULATION**: FOR THE [TACIT] BENEFIT OF THE DEFENDANTS IN THIS CAUSE, THE JUDICIAL [MACHINARY] OF THE UNITED STATES DISTRICT IN THIS CAUSE (FED. R. CIV. P. RULE 60(b)(3)(6)); 3) AND ACTING UNDER [ONLY] THE TACIT [PRETENSE] OF HIS OFFICIAL CAPACITY, WHILE AT THE SAME TIME COMMITTING ACTS OF ABUSE OF PROCESS AGAINST THE FEDERAL BUREAU OF PRISON AND CONSTITUTIONAL DUE PROCESS RIGHTS OF THE PLAINTIF PURSUANT TO F.B.O.P. PROGRAM STATEMENT 5580.08, SECTION 553.14 (EXHIBIT-B), WORKED FOR THE BENEFIT OF DEFENDANTS IN THIS CAUSE TO HARASS; AND INTIMIDATE, AND [OFFICIALLY] OPPRESS THE PLAINTIFF; AND TO [LITERALLY] CHEAT THE PLAINTIFF OUT OF HIS LEGAL, INTELLECTUAL AND PERSONAL PROPERTY BY DECEPTION AND [JUDICIAL] MISREPRESENTATION, AND RULE 60(b)(3)(6) CORRUPTION.

5

# LEGAL FACTS

13.  DISQUALIFICATION OF JUSTICE, JUDGE,
        OR MAGISTRATE JUDGE

28 USC, SECTION 455 PROVIDES:

(a) "ANY JUSTICE, JUDGE, OR MAGISTRATE JUDGE OF THE
UNITED STATES SHALL DISQUALIFY HIMSELF IN [ANY]
PROCEEDING IN WHICH HIS IMPARTIALITY MIGHT
REASONABLY BE QUESTIONED."

## RULE 60(b) FRAUD

14.  NOTES OF ADVISORY COMMITTEE ON RULES -
FED. R. CIV. P. RULE 60(b)(3)(6) PROVIDES:

" FRAUD, WHETHER INTRINSIC OR EXTRINSIC, MISREPRESEN-
TATION, OR OTHER MISCONDUCT OF AN ADVERSE
PARTY ARE EXPRESS GROUNDS FOR RELIEF BY
MOTION UNDER AMENDED SUBDIVISION (b). THERE
IS NO SOUND REASON FOR THEIR EXCLUSION."

15.  ## ABUSE OF PROCESS

"ABUSE OF PROCESS" MAY GENERALLY BE DEFINED AS
THE USE OF A LEGAL PROCESS, WHETHER CRIMINAL OR
CIVIL, AGAINST ANOTHER PRIMARILY TO ACCOMPLISH
A PURPOSE FOR WHICH THE PROCESS WAS [NOT]
DESIGNED."

" IT HAS ALSO BEEN STATED THAT [ABUSE OF PROCESS]
IS THE [MIS]USE OF LEGAL PROCESS TO ACCOMPLISH
SOME PURPOSE [OUTSIDE] THE SCOPE OF THE PROCESS
ITSELF, AND THAT ABUSE OF PROCESS OCCURS WHERE
[SOMEONE] ATTEMPTS TO ACHIEVE THROUGH USE OF THE
COURT THAT WHICH THE COURT ITSELF IS [POWERLESS]
TO ORDER."

6

16. IN THIS CASE, UNITED STATES DISTRICT COURT JUDGE STEPHEN P. MCGLYNN, AT THE 6/18/2024 STATUS CONFERENCE, HAS COMMITTED EGRIGIOUS ACTS OF JUDICIAL MISCONDUCT AND HAS ENGAGED IN CONDUCT PREJUDICIAL TO BOTH THE PLAINTIFF [AND] TO THE EFFECTIVE EXPEDITIOUS ADMINISTRATION OF THE BUSINESS OF THE COURTS WHICH JUDICIAL MISCONDUCT HAS [JEOPARDISED] PLAINTIFF'S 12 BOOK COMPILATION [AND] 3 ADDITIONAL BOOKS, [ALL] AUTHORED BY THE PLAINTIFF, OF INTELLECTUAL PROPERTY, LEGAL PROPERTY, ART SUPPLIES PROPERTY, RELIGIOUS PROPERTY, AND PERSONAL PROPERTY OF THE PLAINTIFF NOW UNLAWFULLY HELD BY THE DEFENDANTS IN VIOLATION OF FEDERAL BUREAU OF PRISONS PROGRAM STATEMENT 5580.08 SECTION 553.14, AND THE 5TH [AND] 14TH AMENDMENT DUE PROCESS RIGHTS OF THE PLAINTIFF PURSUANT TO THE UNITED STATE CONSTITUTION; AND HAS [IGNORED] STATUTORY LAWS ENACTED BY CONGRESS GOVERNING PLAINTIFF'S RIGHT TO [DISCOVERY] PURSUANT TO FED. R. CIV. P. RULE 26; BY [FAILURE] TO DISCUSS DEFENDANTS [FAILURE] TO DISCLOSE REQUESTED DISCOVERY MATERIALS AFTER HIS OWN ORDER (DKT. # 35) STATING THAT HE "[WOULD] DISCUSS DISCOVERY ON 6/18/2024 [AT] THE ABOVESAID STATUS CONFERENCE." WHICH FAILURE IN DISCOVERY LITIGATION BY THE COURT [AND] THE DEFENDANTS [IS] PREJUDICIAL TO THE PLAINTIFF'S CONSTITUTIONAL RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF LAWS, AND TO THE PROPER ADMINISTRATION OF THE UNITED STATES DISTRICT COURT.

7

# CONCLUSION

WHEREFORE, FOR THE AFORESAID REASONS PLAINTIFF HEREBY REQUEST THAT UNITED STATES DISTRICT COURT JUDGE STEPHEN P. McGLYNN, FOR THE SOUTHERN DISTRICT OF Illinois, SHALL DISQUALIFY **HIMSELF** FROM All PROCEEDINGS IN THIS CAUSE: **WHERE** THE EVIDENCE SHOWS **PARTIALITY**, PREJUDICE, AND JUDICIAL MISCONDUCT BY JUDGE STEPHEN P. McGlynn, AND WHERE HiS IMPARTIALITY MIGHT [REASONABly] BE QUESTIONED

AND FOR ANY FURTHER RELIEF THE COURT DEEMS PROPER.

RESPECTFULLY SUBMITTED

PLAINTIFF

7/8/2024

DATE

8

# A F F I D A V I T

PURSUANT TO 28 USC, SECTION 1746,
UNDER PENALTIES AS PRESCRIBED BY LAW,
PLAINTIFF HEREBY CERTIFIES THAT THE
INFORMATION CONTAINED IN THE FOREGOING
"MOTION FOR DISQUALIFICATION OF JUDGE", IS
TRUE AND CORRECT TO THE BEST OF HIS
KNOWLEDGE AND BELIEF.

7 / 8 / 2024
DATE

PLAINTIFF

APPENDIX

03/01/2023 16:57:29 PC/JIMS Case Comments - 2023-LA-000005-D -001 JAC

Matter brought to Judge Walker attention on 2-28-23.

clerk notes: sometime after January 3, 2023, 6 separate letters were delivered (via Sheriff's office personel) to the Circuit Clerk's Office, all submitted by Anthony Fletcher.

On January 10, Plaintiff was transferred. Having no forwarding contact information from the plaintiff the Circuit Clerks office did not file the case.

February 27, 2023 - Circuit Clerk's office receives letter from Mr. Fletcher. This correspondence state's it is a 3rd letter. (note that letter was addressed to 200 Buena Vista). This office has no other correspondence from Mr. Fletcher.

February 28, 2023 - After Judge Walker reviews information, clerk is advised to file an LA case and forward to State's Attorney.

**EXHIBIT A ,** *P1*

3/30/23, 12:18 PM                    Case 3:23-cv-01054   Document 1-1   Filed 03/30/23   Page 20 of 22   Page ID #25

# Randolph County, IL

NOTICE: By clicking the 'Search' button below, or otherwise using the Judici.com website,

**2023LA5  FLETCHER, ANTHONY #13596-026**                 Last Search  | Information  | Dispositions  | **History** | Payments  | Fines & Fees

| Date | Entry | | Judge |
|---|---|---|---|
| | Entered Under: RANDOLPH CO SHERIFF - JARROD PETERS | | |
| 03/01/2023 | Complaint filed on 03/01/2023 | | UNASSIGNED |
| | Entry of appearance for counsel PRO SE for plaintiff/petitioner FLETCHER, ANTHONY #13596-026. | | |
| 03/01/2023 | Pro  e Complainant on Original Filing Entered | | UNASSIGNED |
| 03/01/2023 | A/R added with total of $306.00. | | UNASSIGNED |
| | Credit of $306 00 recorded on 03/02/2023 | | |
| | Account Status Report generated. | | |
| | Motion to Proceed Without Payment of Fees and Cost Cost on file. Habeas Corpus Ad Testificandum on file. | | |

For questions or comments about this web site, please see our Contacts Page.
Terms of use | Privacy policy
Advertise on Judici.
Copyright © 2002 2023 Judici
Last modified: 2023/03/03 13.05 Version: 3.9.0.544

https://www.judici.com/courts/cases/case_history.jsp?court=IL079015J&ocl=IL079015J,2023LA5,IL079015JL2023LA5P1

**EXHIBIT A, P2**

3/02/23    PAGE    1                                                    JAC

2023LA000005D 001
FLETCHER, ANTHONY #13596-026         PRO SE
VS,
RANDOLPH CO SHERIFF - JARROD PETERS
------------------------------------------------------------------------
| ENTERED | USER JDG CR | TEXT | CHANGED USER |
|---------|-------------|------|--------------|
| 3/01/2023 JAC | | Complaint filed on 03/01/2023. | JAC |
| | | Entry of appearance for counsel PRO SE for plaintiff/petitioner | JAC |
| | | FLETCHER, ANTHONY #13596-026. | JAC |
| | | Pro-se Complainant on Original Filing Entered. | JAC |
| | | A/R added with total of $306.00. | JAC |
| | | Credit of $306.00 recorded on 03/02/2023. | JAC |
| | | Account Status Report generated. | JAC |
| | | Motion to Proceed Without Payment of Fees and Court Cost on file. | JAC |
| | | Habeas Corpus Ad Testificandum on file. | JAC |

**EXHIBIT A,** P.2A

[EXHIBIT-C]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

ANTHONY L. FLETCHER,
      PLAINTIFF

      V.

RANDOLFF COUNTY SHERIFF
JARROD PETTERS, ET AL.,
      DEFENDANTS.

                              CASE NO.
                              23-CV-1054

## COURT NOTICE
### REQUEST FOR STATUS OF THE CASE
### AND REQUEST FOR DOCKET SHEET

Now Come plaintiff, IN THE PROPER PERSON OF ANTHONY
L. Fletcher, AND HEREBY GIVE NOTICE TO THE COURT
AND ALL RELEVENT PARTIES IN THIS Cause OF THE
FOLLOWING:

1. ON 3/23/2024 plaintiff FILED HIS [FIRST] MOTION
   FOR DISCOVERY (DKT. # 34).

2. IN OR ABOUT May 2024 plaintiff Also FILED HIS
   [2ND] REQUEST FOR DISCOVERY DIRECTLY WITH THE
   DEFENDANTS. WHICH HAS [NOT] BEEN ANSWERED BY
   THE DEFENDANTS IN THIS Cause.

3) ON 7/8/2024 PLAINTIFF FILED HIS MOTION
FOR [DISQUALIFICATION] OF JUDGE STEPHEN P.
MCGLYNN IN THIS CAUSE: FOR ABUSE OF
THE FEDERAL RULES OF DISCOVERY PURSUANT
TO FED. R. CIV. P. RULE 26; 2) FEDERAL BUREAU
OF PRISONS PROGRAM STATEMENT 5580.08; 3) ILLINOIS
COUNTY JAIL STANDARDS; AND FED. R. CIV. P. RULE
60(b)(3) IN A CAMPAIGN OF ABUSE OF PROCESS
AGAINST THE PLAINTIFF AT THE 6/18/2024
STATUS HEARING VIDEO CONFERENCE. WHICH
HAS NOT BEEN ANSWERED IN THIS CAUSES.

4) ON 7/26/2024 FILED HIS [FORMAL OBJECTION]
TO DEFENDANT'S PROPOSED REQUEST FOR DISMISSAL
OF ALL CLAIMS IN EXCHANGE FOR A TRANSFER OF
PLAINTIFF'S PROPERTY. WHICH [ALSO] HAS [NOT]
BEEN ANSWERED IN THIS CAUSE BY THE UNITED
STATES DISTRICT COURT

5) ON AUGUST 14, 2024 PLAINTIFF RECEIVED
[FOR THE FIRST TIME], FROM THE CLERK OF
THE UNITED STATES DISTRICT COURT, THIS
COURTS 'SCHEDULING AND DISCOVERY ORDER'
DATED JANUARY 29, 2024 WHICH [INORDINATE]
[DELAY] OF A 8 (EIGHT) MONTH [SUBVERSION] OF
THIS COURT 1/29/2024 DISCOVERY ORDER TO THE
PLAINTIFF IN THIS CAUSE [ABUSED] THE DISCOVERY

2

[PROCESS][DUE] THE PLAINTIFF PURSUANT TO FED. R. CIV. P. 15. AND PLAINTIFF HEREBY REQUEST: THAT FOR GOOD CAUSE [SHOWN] FOR 8 MONTHS [INORDINATE] DELAY IN THE COURTS DISCOVERY ORDER AND AMENDMENT TO COMPLAINT RULING, WHICH PLAINTIFF RECEIVED [FOR THE FIRST TIME] ON AUGUST 14, 2024, THAT IN THE INTEREST OF JUSTICE, JUSTICE SO REQUIRES THAT PLAINTIFF BE [ALLOWED] TO [AMEND] THE ORIGINAL COMPLAINT IN THIS WITHIN 30 DAYS FROM THE DATE OF [THIS] FOREGOING [NOTICE TO THE COURT] PURSUANT TO FED. R. CIV. P. RULE 15(a)(2).

WHEREFORE, FOR THE AFORESAID REASONS, PLAINTIFF HEREBY REQUEST:

A) THE COURT TO [COMPEL] DEFENDANTS TO RESPOND TO PLAINTIFFS [2] DISCOVERY REQUEST IN THIS CAUSE FROM 3/26/2024 - TO - DATE.

B) TO [DIRECT RULING] ON PLAINTIFF'S 7/8/2024 DISQUALIFICATION OF JUDGE STEPHEN P. GLYNN.

C) TO [DIRECT RULING] ON PLAINTIFF'S 7/26/2024 [FORMAL OBJECTION] PLEADING AS STATED ABOVE.

13

D) FOREWARD THE plaintiff THE [Complete]
DOCKET SHEET of CASE No. 23-CV-1054
[INCLUDING] THE FILING of THIS FOREGOING
COURT NOTICE IN THIS Cause.

AND FOR ANY FURTHER RELIEF THAT THE
COURT DEEMS PROPER.

RESPECTFULLY SUBMITTED

8/23/2024

4

# AFFIDAVIT

PURSUANT TO 28 U SC, SECTION 1746, UNDER PENALTIES AS PRESCRIBE BY LAW, PLAINTIFF HEREBY CERTIFIES THAT THE INFORMATION CONTAINED IN THE FOREGOING 'FORMAL OBJECTION' IS TRUE AND CORRECT TO THE BEST OF HIS KNOWLEDGE AND BELIEF.

8/23/2024
DATE

PLAINTIFF

# CERTIFICATE OF SERVICE

PURSUANT TO 28 USC, SECTION 1746,
UNDER PENALTIES AS PRESCRIBED BY
LAW, PLAINTIFF HEREBY CERTIFIES THAT
HE HAS SERVED A COPY OF THE FOREGOING
"COURT NOTICE AND REQUEST FOR STATUS" ON
ALL RELEVENT PARTIES IN THIS CAUSE: BY
FOREWARDING THE SAME THROUGH THE
UNITED STATES MAIL AT F.C.I. WILLIAMSBURG
P.O. BOX 380, SALTERS, SC. 29590, POSTAGE
PREPAID AND ATTACHED THERETO, IN A SEALED
LEGAL ENVELOPE TO THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF ILLINOIS, LOCATED AT 750 MISSOURI AVE.
EAST ST. LOUIS, ILLINOIS 62201, ON 8/23/2024.

8/23/2024
DATE

PLAINTIFF

Anthony L. Fletcher
#13590026
P.O. Box 340
Salters, SC. 28590

U.S. POSTAGE PAID
USPS Ground Advtg
SALTERS, SC 29590
FEB 04, 2025

$0.00

Retail

61602

RDC 01    0 Lb 15.30 Oz    S2324P501011-02

Legal Mail
Date Mailed:
1/31/2025

United States District Court
Central District of Illinois

100 N.E. Monroe St.
Peoria, IL 61602

USPS TRACKING® #

9600 1153 8218 5035 0793 29