E-FILED
Thursday, 12 June, 2025  12:28:50 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED

JUN 1 2 2025

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PEOPLE OF THE UNITED STATES
OF AMERICA,
        PLAINTIFF
        V.

ANTHONY L. FLETCHER,
        DEFENDANT

CASE NO.
07-CR-10043

## DEFENDANT'S 2ND MOTION
### TO Compel TRANSFER OF PROPERTY

NOW COMES DEFENDANT, IN THE PROPER PERSON OF
ANTHONY L. FLETCHER, AND PURSUANT TO THE FEDERAL
DETAINER UNDER INTERSTATE AGREEMENT ON DE-
TAINERS ACT (IADA) IN THIS CAUSE AND
HEREBY MOVES THIS COURT IN HIS [2ND] MOTION
FOR ORDER TO COMPEL TRANSFER OF DEFENDANT'S
PROPERTY FROM RANDOLF COUNTY JAIL TO F.C.I.
WILLIAMSBURG, SOUTH CAROLINA CONSISTING OF THE
DEFENDANTS [ENTIRE] DUAL PROSECUTION STATE/
FEDERAL TRIAL TRANSCRIPTS, LEGAL PROPERTY,
15 BOOKS-AUTHORED BY DEFENDANT-INTELLECTUAL PROPERTY,
AND PERSONAL DISCHARGE INTERSTATE AGREEMENT ON
DETAINER ACT PROPERTY OF THE DEFENDANT IN
THIS CAUSE AND IN SUPPORT THEREOF STATES AS
FOLLOWS:

1) ON 1/31/2025 DEFENDANT FILED HIS [FIRST] "MOTION TO COMPEL" SURRENDER AND TRANSFER OF PROPERTY (DKT. 433).

2) ON 2/19/2025 THIS COURT ORDERED A `GRANT` OF DEFENDANT'S 1/31/2025 MOTION TO COMPEL IN PART, AND ORDERED DEFENDANT TO [CONTACT] RANDOLF COUNTY SHERIFF'S DEPARTMENT TO COORDINATE THE SHIPMENT OF DEFENDANT'S PROPERTY AT THE EXPENSE OF THE DEFENDANT. (ATTACHMENT- A)

3) ON MAY 8, 15, AND 21 DEFENDANT CONTACTED THE RANDOLF COUNTY SHERIFF DEPARTMENT, AS ORDERED BY THE COURT, BY PHONE CALLS AND SAID PARTIES FAILED TO ANSWER OR RETURN DEFENDANTS CALLS.

4) ON APRIL 13, 2025 DEFENDANT CONTACTED RANDOLF COUNTY SHERIFF'S DEPARTMENT BY WRITTEN LETTER (EXHIBIT- A) AND [REQUESTED] THAT (DUE TO DEFENDANT'S INDIGENCE) THE SHERIFF WAGE A [FINE, REINBURSMENT] FEE IN DEFENDANT'S NAME AND AT DEFENDANTS EXPENSE FOR PAYMENT OF THE SHIPPMENT OF DEFENDANTS PROPERTY.

5) ON APRIL 13, 2025 DEFENDANT [ALSO] CONTACTED F.C.I WILLIAMSBURG, SC. WARDEN GRAHAM (C.A.O.),

By Letter (EXHIBIT-B), and Also Due to Defendants Current Indigence, Requested the F B OP "Money Voucher Resource Program to As 2 [Alternative] Source to Facilitate the Cost of Shipment of Defendant's Personal, Legal, Intellectual, Art Supplies, and Cosmetic Property From Randolf County Jail.

6) On 3/21/2025 Defendant Recieved 2 Written Correspondence From 1 Attorney Who [Has Not] Entered His Appearence in This Cause Concerning This Courts 2/19/2025 Order to Compel in This Cause (EXHIBIT-D) in Which Letter Said Attorney [Threatened] To Distroy Defendant's Property By June 22, 2025 (EXHIBIT-C) / or in 90 Days From the Date of March 24, 2025. Which He Also Re-itterated in 2 Letter Dated May 9, 2025 (EXHIBIT-C), But, Which Authorization to Distroyer Defendant's Property Deputy Sheriff Ryan Coffee Contradicted in The E-Mail Correspondence on March 24, 2025 (EXHIBIT-D, P.5)

3

## LEGAL FACTS

THE FEDERAL BURAEU OF PRISONS LEGAL AUTHORITY
FOR THE TRANSFER, SHIPMENT, INVENTORY, AND HANDLING
OF FEDERAL INMATE PROPERTY IS GOVERNED BY
F.B.O.P. PROGRAM STATEMENT # 5580.08,
SECTION 553.14 (b),(c), (d) (EXHIBIT-E, P.3)
AND STATES THAT, IN RELEVENT PART:

"THE PROPERTY DETERMINATION IS TO BE MADE
IN [THE RECEIVING] INSTITUTIONS R & D UNIT
WHEN THE INMATES PROPERTY IS PROSSESSED
... IN THE INMATES PRESENCE," AND THAT
LEGAL PROPERTY WILL BE [EXEMPT] FROM THE
3-BOX LIMIT. (EXHIBIT-E)

CONVERSLY, THE EVIDENCE WILL SHOW THAT [DISPITE]
THE FEDERAL DIRECTIVE AND MANDATE OF THE
FEDERAL BURAEU OF PRISONS PROGRAM STATEMENT
# 5580.08 THE RANDOLF COUNTY SHERIFF DEPARTMENT
HAS USED AN ATTORNEY [NOT] ENTERED HIS APPEARENCE
IN THIS CAUSE TO [USURP] THE FEDERAL BURAEU OF
PRISONS [WRITTEN] AUTHORITY FOR THE PURPOSE TO
[STEAL] DEFENDANT'S INTELLECTUAL PROPERTY, AND

4

TO IMPEDE, HINDER, OBSTRUCT, SUBVERT, and OTHERWISE DEFEAT THE DUE COURSE OF JUSTICE IN THE FEDERAL BURAEU OF PRISONS MANDATE and [PROGRAM STATEMENT] "REGULATED TRANSFER and SHIPMENT OF DEFENDANTS LEGAL, INTELLECTUAL, ELECTRONIC, ART SUPPLY, COSMETIC, and PERSONAL PROPERTY FROM 12/16/2022 — TO — DATE.

WHEREFORE, FOR THE AFORESAID REASONS DEFENDANT HEREBY REQUEST THE COURT TO ODER· OR COMPEL THE RANDOLF COUNTY SHERIFF DEPARTMENT TO SHIP DEFENDANTS PROPERTY [IN FORMA PAUPERIS] PURSUANT TO THE PRISON LITIGATION REFORM ACT 28 USC SECTION 1915 (a)(2) WHERE DEFENDANT WAS INDIGENT THROUGHOUT THE COURSE OF THE TRIAL IN THIS CAUSE and IS INIGENT CURRENTLY.

RESPECTFULLY SUBMITTED

6/2/2025
_____
D A T E

DEFENDANT

5

# AFFIDAVIT

PURSUANT TO 28 USC, SECTION 1746, UNDER PENALTIES AS PRESCRIBED BY LAW, DEFENDANT HEREBY CERTIFIES THAT THE INFORMATION CONTAINED IN THE FOREGOING "2ND MOTION TO COMPEL TRANSFER OF PROPERTY W/EXHIBITS-A-E AND ATTACHMENT-A" IS TRUE AND CORRECT TO THE BEST OF HIS KNOWLEDGE AND BELIEF.

6/2/2025
DATE

DEFENDANT

# CERTIFICATE OF SERVICE

PURSUANT TO 28 USC, SECTION 1746, UNDER PENALTIES AS PRESCRIBED BY LAW, DEFENDANT HEREBY CERTIFIES THAT HE HAS EFFECTUATED SERVICE OF THE FOREGOING "2ND MOTION TO COMPEL TRANSFER OF PROPERTY W/ EXHIBIT A-E 2ND ATTACHMENT-A UPON All RELEVENT PARTIES IN THIS CAUSE BY FOREWARDING THE SAME TO; THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF Illinois, LOCATED AT 100 N.E. MONROE ST., PEORIA Il. 61602 THROUGH THE UNITED STATES MAIL SERVICE, POSTAGE PREPAID AND ATTACHED THERETO AT F.C.I. WilliamSBURG, SC. P.O. BOX 340, SAlTERS, S.C. 29590, ON JUNE _____,

_____
DEFENDANT

6/3/2025
DATE



## U.S. District Court

## CENTRAL DISTRICT OF ILLINOIS

**Notice of Electronic Filing**

The following transaction was entered on 2/19/2025 at 9:15 AM CST and filed on 2/19/2025

| | |
|---|---|
| **Case Name:** | USA v. Fletcher |
| **Case Number:** | 1:07-cr-10043-MMM-JAG |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**

TEXT ORDER entered by Judge Michael M. Mihm on 2/19/2025. Defendant Anthony L. Fletcher filed a [433] Motion to Compel and requests that the Court direct Randolph County Sheriff's Department to ship Defendant's personal property to his current place of incarceration at the expense of Randolph County Sheriff Department. At the request of the Court, the United States Marshals contacted Randolph County Sheriff's Department and confirmed that they are in possession of Mr. Fletcher's personal property. [433] Motion is GRANTED IN PART and DENIED IN PART. Defendant is DIRECTED to contact Randolph County Sheriff's Department to coordinate the shipment of his personal property at the expense of the defendant. Clerk is DIRECTED to mail a copy of this Order to Randolph County Sheriff's Department and to Defendant. (RAH)

[EXHIBIT-4]

ANTHONY L. FLETCHER
#13596026
P.O. Box 340,
SALTERS, S.C. 29590


TO: RANDOLFF COUNTY SHERIFF
C/O JAROD PETERS

RE. COURT ORDER DATED
2/29/2029:
SHIPPING OF DEFENDANTS
PROPERTY [AT DEFENDANTS]
EXPENSE

PURSUANT TO THE ATTACHED 2/19/2025 U.S.
DISTRICT COURT ORDER OF JUDGE MICHAEL M.
MIHM, I AM HEREBY[CONTACTING] YOU TO [CO-
ORDINATE] THE SHIPPING OF MY •LEGAL,
•INTELLECTUAL, •ART SUPPLY, ELECTRONIC, AND
•COSMETIC PERSONAL PROPERTY,[NOW] IN YOUR
POSSESSION SINCE 12/16/2022,[AT MY EXPENSE].


WHILE AT PRESENT, I AM CURRENTLY[INDIGENT]
AND[WITHOUT] FUNDS TO PAY FOR THE SHIPPING COST,
I AM HEREBY REQUESTING THAT YOU[WAGE] A
[FINE, OR REINBURSMENT]FEE (ACCORDING TO
FEDERAL OR ILLINOIS LAW) DUE TO MY INDIGENCE,
IN MY NAME AND AT MY EXPENSE[MINUS]
THE AMOUNT OF MY PROPERTY THAT WAS REMOVED,
STOLEN, OR OTHERWISE[MISSING]FROM THE[27 BOXES]
OF PROPERTY THAT ENTERED RANOLFF COUNTY JAIL
WITH ME ON 12/16/2022; AND SEND ME A[ITEMIZED]
LIST OF SAID MISSING PROPERTY ITEMS AND A
PROPOSED[DEDUCTION]COST FOR SAID MISSING PROPERTY
FROM THE SHIPPING COST.
I LOOK FOREWARD TO YOUR RESPONSE.

4/13/2025
DATE

DEFENDANT

ANTHONY L. FLETCHER
#13596026
SHU-C-144

[EXHIBIT-B]

TO: CHEIF ADMINISTRATIVE OFFICER
WARDEN GRAHAM

RE. COURT ORDER DATED ◄12/29/2025►
SHIPPING OF DEFENDANTS PROPERTY
[AT DEFENDANTS EXPENSE]
THROUGH MONEY VOUCHER PROGRAM.

PURSUANT TO THE [ATTACHED] 12/19/2025 U.S.
DISTRICT COURT ORDER OF JUDGE MICHAEL M. MIHM
THE FOREGOING IS A PROPOSED [RESOLUTION] TO
FACILITATE THE SHIPPING OF MY PROPERTY FROM
RANDOLFF COUNTY JAIL IN THE STATE OF ILLINOIS
TO F.C.I. WILLIAMSBURG, S.C. [AT MY EXPENSE].

WHEREBY, AT PRESENT, I AM CURRENTLY [INDIGENT]
AND [WITHOUT] FUNDS TO PAY FOR THE SHIPPING
COST, I AM HEREBY REQUESTING TO FILLOUT A
FEDERAL BURAE OF PRISONS [MONEY VOUCHER], DUE
TO MY INDIGENCE, TO DIRECT PAYMENT AT [MY]
[EXPENSE] FROM FUNDS WHICH I WILL HAVE SENT
TO MY TRUST FUND ACCOUNT OVER TIME AFTER
MY RELEASE FROM ADMINISTRATIVE DETENTION.

I LOOK FOREWARD TO YOUR RESPONSE.

INMATE

4/13/2025
DATE

EXHIBIT C



📞 847-291-0200

✉ kmoore@ifmklaw.com

📍 **IFMK Law, Ltd.**
650 Dundee Road
Suite 475
Northbrook, IL 60062

**LEGAL MAIL**

May 9, 2025

***Via U.S. Mail***

Anthony L. Fletcher, #13596-026
FCI Williamsburg
P.O. Box 340,
8301 Hwy. 521
Salters, SC 29590

Re:    *USA v. Fletcher, Case No. 07CR10043*

Dear Mr. Fletcher,

We received your letter directed to the Randolph County Sheriff's Office, dated April 13, 2025. Please refer to my previous letter (attached), which explained that you need to provide authorization from the Marshals Service for Randolph County to send the property to your current prison or to identify a person to receive your property. Your recent letter does not address either request. Until that is resolved, the Randolph County Sheriff's Office cannot provide information regarding billing, as it does not have a location to ship the property. Additionally, as stated in the previous letter, the County cannot continue to hold your property because it poses a safety hazard at the jail, and it will dispose of the property if you do not resolve these issues by June 22, 2025, which is 90 days from the date of the previous letter.

Furthermore, as mentioned in the previous letter, please direct all communication regarding the Randolph County Sheriff's Office to my office.

Sincerely,

*s/Kyle R. Moore*

Kyle R. Moore
**IFMK Law, Ltd.**

Enclosure

CC: Chief Deputy Ryan Coffee

Illinois | Indiana | Wisconsin | Missouri | Michigan | Iowa | Minnesota

www.ifmklaw.com

[EXHIBIT D]

**IFMK**
INMAN, FITZGIBBONS, MURDOCK & KOSOFF

📞 847-291-0200
✉ kmoore@ifmklaw.com
📍 **IFMK Law, Ltd.**
650 Dundee Road
Suite 475
Northbrook, IL 60062

**LEGAL MAIL**

March 24, 2025

*Via U.S. Mail*

Anthony L. Fletcher, #13596-026
FCI Williamsburg
8301 Hwy. 521
Salters, SC 29590

Re:    *USA v. Fletcher, Case No. 07CR10043*

Dear Mr. Fletcher,

We received the attached Court Order granting and denying your motion to compel in part. Per the Court Order, you must contact the Randolph County Sheriff's Office and coordinate the shipment of your personal property at your expense. At this time, you have not contacted the Randolph County Sheriff's Office or our office as counsel for the Randolph County Sheriff's Office.

Nevertheless, the Randolph County Sheriff's Office has contacted the Marshals to determine whether they would accept your property. (See attached communication). The Marshals have indicated that they will not receive the property. Thus, please designate an individual to take the property or send my office authorization from the Marshals that it will accept the property at your current place of incarceration. Any production of the property will be at your own cost, as indicated by the Court Order. Therefore, you must also identify how you would like the property shipped and remit payment.

If you fail to receive authorization from the Marshals or identify a person to receive your property, it will be destroyed within 90 days of this letter, as it is a safety hazard for the Jail to continue holding the property for you.

Please direct all communication regarding the Randolph Sheriff's Office to my office.

Sincerely,

*s/Kyle R. Moore*

Kyle R. Moore
**IFMK Law, Ltd.**

Illinois  |  Indiana  |  Wisconsin  |  Missouri  |  Michigan  |  Iowa  |  Minnesota

www.ifmklaw.com

**Kate Bazarek**                                                    [ EXHIBIT- D, P.2 ]

| | |
|---|---|
| **From:** | Kyle Moore |
| **Sent:** | Monday, March 24, 2025 8:57 AM |
| **To:** | Kate Bazarek |
| **Subject:** | FW: Anthony Fletcher Property |

Kyle R. Moore
SR ASSOCIATE ATTORNEY                    **IFMK**

**IFMK Law, Ltd. | Edens Corporate Center | 650 Dundee Road – 4th Floor | Northbrook, IL 60062**
**Office: 847-291-0200 | Direct : 224-406-8414 |Fax: 708-621-5538**
Website | kmoore@ifmklaw.com

Click Here to upload files to my assistant Kate Bazarek

*This email and/or any attachments may contain information that is confidential and/or protected by the attorney-client or other privilege. If you believe that it has been sent to you in error, please notify the sender and delete/destroy it and any attachments (electronic and hard copies). Thank you.*

**From:** Ryan Coffey
**Sent:** Friday, March 21, 2025 11:42 AM
**To:** Kyle Moore <kmoore@ifmklaw.com>
**Subject:** FW: Anthony Fletcher Property

**From:** Cranford, Brent (USMS) <Brent.Cranford@usdoj.gov>
**Sent:** Thursday, March 20, 2025 10:48 AM
**To:** Ryan Coffey <rcoffey@randolphcountyil.gov>
**Subject:** RE: Anthony Fletcher Property

Chief,

Sorry for the delay as I had to be out of town. I spoke with our local BOP and they advised they would not accept that much property, which is common with the BOP. I would advise, and this is only my opinion, that if you sent the legal email to Mr. Fletcher and he hasn't responded to his property, then I would I trash it.

Has he reached out to you from the order from Judge Mihm?

Brent Cranford
Supervisory Deputy U.S. Marshal
Central District of Illinois
Work# 309-621-7042
Cell# 309-208-0468

( EXHIBIT-D, P.3)

**From:** Ryan Coffey <rcoffey@randolphcountyil.gov>
**Sent:** Thursday, March 20, 2025 9:37 AM
**To:** Cranford, Brent (USMS) <Brent.Cranford@usdoj.gov>
**Subject:** [EXTERNAL] FW: Anthony Fletcher Property

Brent,

I wanted to follow up on this email. If I've missed your response, my apologies in advance. Our legal representatives wish to get some confirmation on those items mentioned in my previous email. I guess the main question is if the facility he is currently being held will accept receipt of the property.



**From:** Ryan Coffey
**Sent:** Tuesday, February 25, 2025 11:48 AM
**To:** Cranford, Brent (USMS) <Brent.Cranford@usdoj.gov>
**Subject:** RE: Anthony Fletcher Property

Brent,

I thought it might be one in the same. I have reached out and consulted with our attorney. He has asked for the following.
   1. Confirmation that the facility he is being held will even accept the property.
   2. Confirmation that no other entity (like the U.S. Marshal's Office / Federal Prison) will pay for the shipping OR that they have the ability to pick up and transport the property.
I am wondering if you can guide me on how to get this information.

Ryan



**From:** Cranford, Brent (USMS) <Brent.Cranford@usdoj.gov>
**Sent:** Tuesday, February 25, 2025 11:36 AM
**To:** Ryan Coffey <rcoffey@randolphcountyil.gov>
**Subject:** RE: Anthony Fletcher Property

Good morning,

This was the same order that I advised you about last week that stated Mr. Flecther must reach out and pay for it. I will defer to your attorney, and if he has advised that Mr. Flectcher needs to have the property removed ASAP or it will be destroyed, I would relay on that order.

(EXHIBIT-D, P.5)

I do agree that the current institute has to be willing to take the property and I don't know if Mr. Fletcher even has the funds to pay for the property to be shipped.

I believe this needs to be settled and completed for your department and your attorney provided a complete and through letter explaining this to Mr. Fletcher.


Brent Cranford
Supervisory Deputy U.S. Marshal
Central District of Illinois
Work# 309-621-7042
Cell# 309-208-0468



**From:** Ryan Coffey <rcoffey@randolphcountyil.gov>
**Sent:** Tuesday, February 25, 2025 9:39 AM
**To:** Cranford, Brent (USMS) <Brent.Cranford@usdoj.gov>
**Subject:** [EXTERNAL] Anthony Fletcher Property

I wanted to make you aware of this Order. I was made aware of it yesterday. Please note that there is no deadline for the transfer. Additionally, it is my understanding that his current place of incarceration would have to accept the property.

I'll wait to hear from you.

Ryan

---

Chief Deputy M. Ryan Coffey #7902
Randolph County Sheriff's Office
200 West Buena Vista St.
Chester, IL. 62233
Ph. #: 618-826-5484  Ext. 502
www.rcoffey@randolphcountyil.gov



(EXHIBIT-D, P.6)

RECEIVED
3/2/2023
LEGAL MAIL

**First Class Mail**

IFMK

INMAN· FITZGIBBONS
MURDOCK & KOSOFF

IFMK LAW LTD.
650 DUNDEE ROAD, FOURTH FLOOR
NORTHBROOK, ILLINOIS 60062
PHONE (847) 291-0200

Anthony L. Fletcher, #13596-026
FCI Williamsburg
8301 Hwy. 521
Salters, SC 29590

N-144

FIRST·CLASS

ZIP 60062
02 7H
0000128626

U.S. POSTAGE

LEGAL MAIL



# Program Statement

OPI:     CPD/CSB

NUMBER:  5580.08

DATE:    August 22, 2011

# Inmate Personal Property

/s/

*Approved*: Thomas R. Kane

Acting Director, Federal Bureau of Prisons

## 1. PURPOSE AND SCOPE

**§ 553.10  Purpose and scope.**

It is the policy of the Bureau of Prisons that an inmate may possess ordinarily only that property which the inmate is authorized to retain upon admission to the institution, which is issued while the inmate is in custody, which the inmate purchases in the institution commissary, or which is approved by staff to be mailed to, or otherwise received by an inmate. These rules contribute to the management of inmate personal property in the institution, and contribute to a safe environment for staff and inmates by reducing fire hazards, security risks, and sanitation problems which relate to inmate personal property. Consistent with the mission of the institution, each Warden shall identify in writing that personal property which may be retained by an inmate in addition to that personal property which has been approved by the Director for retention at all institutions.

a. **Summary of Changes.**  This revision includes the following:

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13596026

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

( EXHB - E P. 2 )

criminal prosecution, the hard contraband shall be destroyed as provided in paragraph (b)(2)(v) of this section. Written documentation of the destruction shall be maintained for at least two years.

(d)  Staff may not allow an inmate to possess funds in excess of established institutional limits. Staff shall deliver to the cashier any cash or negotiable instruments found in an inmate's possession which exceed the institution's

allowable limits. Funds determined to be contraband shall be confiscated for crediting to the U.S. Treasury.

All cash and negotiable instruments in the possession of inmates is unauthorized.

Cash and negotiable instruments that were inadvertently delivered to the inmate via the mail and are immediately turned over to staff shall be returned to the mail room to be processed in accordance with the Program Statement Correspondence.

All other cash and negotiable instruments found in the inmates possession shall be processed as contraband. The cash and negotiable instruments shall be turned over to the cashier.

(1)  Where disciplinary action against the inmate is appropriate, staff shall delay final disposition of the funds until such action (including appeals) is completed.

(2)  Prior to a decision on the disposition of funds, staff shall allow the inmate a reasonable amount of time to prove ownership.

6.  INMATE TRANSFER BETWEEN INSTITUTIONS AND INMATE RELEASE

§ 553.14  Inmate transfer between institutions and inmate release.

(a)   Except as provided for in paragraphs(a)(1) through (3) of this section, authorized personal property shall be shipped by staff to the receiving institution.

(1)  The Warden ordinarily shall allow an inmate transferring to another institution to transport personal items determined necessary or appropriate by staff and, if applicable, legal materials for active court cases.

(2)  The Warden may require or allow an inmate who is transferring to another institution under furlough conditions to transport all the inmate's authorized personal property with him or her.

(3)  An inmate who is being released or who is transferring to a Community Corrections Center may arrange to ship personal property at the inmate's

progstat                                    12

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13596026

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

( EXHB. EP.3 )

expense.  The inmate is responsible for transporting any personal property not so shipped.

(b)   If the inmate's personal property is not authorized for retention by the receiving institution, staff at the receiving institution shall arrange for the inmate's excess personal property to be mailed to a non-Bureau destination of the inmate's choice.  The inmate shall bear the expense for this mailing.

(c)   Whenever the inmate refuses to provide a mailing address for return of the property or, when required, refuses to bear the expense of mailing the property, the property is to be disposed of through approved methods, including destruction of the property.

This property determination is to be made in the receiving institutions R&D unit when the inmates property is processed (i.e., inventoried) in the inmates presence.  Bureau institutions will accept for each inmate the property approved in this Program Statement as authorized for retention and transfer between Bureau institutions.  Staff will adhere to the procedures that follow with respect to an inmates property while he or she is in transfer between institutions.

d.   Sending institution staff will ship authorized property of inmates transferring via bus, van, or airlift directly to receiving institutions.  Ordinarily, no more than two boxes of property, size 14" x 14" x 19", will be shipped at government expense for each inmate.  The inmate may elect to pay for expenses related to the shipment of authorized personal property beyond the two boxes.

Institutional clothing and shoes for an inmate with special needs (large sizes, small sizes, orthopedic designs, orthopedic shoes, appliances, clothing, insulin testing kits, etc.), may be shipped at government expense in addition to the two-box maximum when the inmate transfers to another Bureau institution.  All other Bureau-issued clothing will not be transferred.

Property of inmates transferring on furlough will also be handled in this same manner.

Legal property will be exempt from this two-box limit.

e.  Bureau buses and vans will accept two standard size (14" x 14" x 19") boxes for transport with the inmate when the same bus or van delivers the inmate to the final destination.  This shipment will be in lieu of the two boxes which would normally be mailed at government expense.

f.  Essential Daily Prayer items, as authorized by the Warden, must be delivered to transporting officials upon the inmates removal.  The inmate is responsible for production of the items, in the

authorized container (authorization affixed by Chaplain), to the R&D Officer.  The items will be

progstat                                                          13

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13596026

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

( EXHB.– ~~EX~~P.4 )

institutions and permitted for transfer between institutions.

This includes any medical device which is either issued or approved by the Health Services Unit (HSU) prior to it being added to the inmate's personal property list.

Should an inmate transfer to another institution, this property may be sent along with the inmate or his or her property at the discretion of the sending and receiving institutions' Wardens.

While the institution may set a limit on the number of specific items that the inmate may retain, this limit may not exceed the capacity of the local specified area or container designated for inmate clothing.

a. **Additional Property Items.** The Warden must approve any item of inmate property not found in Attachment A and then only for local and short-term retention.

Items that are added to an inmates property list may vary by institution due to climatic, cultural, or other reasons. All such property will be clearly identified when sold at Commissary as for local use only.

Property approved for local use will be mailed home at the inmates expense upon transfer or release. If abandoned by the inmate, the property will be disposed of in accordance with the Program Statement **Property Management Manual**, Chapter 11, sec. 2.

Examples of items identified for possession at the Wardens discretion are listed in Attachment A.

b. **Personal Property Record.** A copy of the Inmate Personal Property Record (BP-A0383) will be given to the inmate during the initial property inventory or any subsequent inventory. This form and/or a commissary receipt constitutes proof of ownership, not proof of value.

c. **Inmate Property Inventory Records.** The BP-A0383 will be used to inventory all inmate property except when:

The Authorization to Receive Package or Property (BP-A0331) will be used to inventory release clothing received from an outside source.

The Warden elects to use a local form instead; for instance, when an inmate moves from Administrative Detention to Disciplinary Segregation or from Disciplinary Segregation to Administrative Detention.

Regardless of the form used, a written record of that inventory will be retained in the Special Housing Unit (SHU) for at least two years. A copy of the Inmate Personal Property Record form will also be kept in the Inmate Central File.

The Request-Authorization to Mail Inmate Package (BP-329), must be used to inventory property which is authorized for retention, but not authorized for shipment at Bureau expense (the inmate incurs the cost of mailing).

progstat                                    7

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13596026

Print to PDF without this message by purchasing novaPDF (http://www.novapdf.com/)

Anthony L. Fletcher
#13596026
P.O. Box 3400,
Salters, S.C. 29590

United States District Court

Central District of Illinois

100 N.E. Monroe St.,
Peoria, IL. 61602

Legal Mail

Date Mailed:

6/3/2025